Fuchsberg, J.
 

 The question presented on this appeal is whether plaintiff, a motorcyclsit who was injured in a collision with an automobile, is entitled to the out-of-pocket medical and hospital expenses and lost earnings recoverable as "first party benefits” under a "no-fault” policy of insurance issued by the defendant to enable the automobile owner to comply with the provisions of article XVIII of the Insurance Law.
 

 Defendant having rejected his claim, plaintiff instituted this action and each party thereafter moved for summary judgment. Special Term granted plaintiffs motion, denied that of the defendant, and entered judgment accordingly. The Appellate Division has affirmed; for the reasons which follow, we conclude that its holding is correct.
 

 Defendant’s primary contention is that, since motorcycles are expressly excluded from article XVIII’s definition of "motor vehicle” (Insurance Law, § 671, subd 6, par [b]), and their owners are therefore exempt from obtaining either a "no-fault” policy of insurance or the alternative form of "no-fault” financial security now required of motor vehicle owners, motorcyclists are not intended to be eligible for the benefits payable from the financial resources so provided. However,
 
 *396
 
 the short answer to that position is to be found in the fact that perhaps the most pressing purpose urged by its proponents for the adoption of article XVIII was to assure the prompt and full reimbursement of the "economic” losses those injured in automobile accidents may suffer
 
 (Montgomery v Daniels,
 
 38 NY2d 41, 51).
 

 It is unquestioned that that concern was by no means limited to those automobile accident victims who, as owners of motor vehicles, would, upon enactment of the statute, be compelled to secure "no-fault” coverage. For instance, pedestrians, who ordinarily would be complete strangers to the owners of the motor vehicles in the course of whose use or operation their injuries were sustained, were expected to, and, under the statute as actually enacted, now do receive reimbursement of their allowable monetary losses though they do not contribute a cent to the cost of purchasing such coverage.
 

 For the purposes of article XVIII those involved in automobile accidents may be regarded as falling in to either or both of two classifications. One consists of those required to provide the "no-fault” coverage
 
 from
 
 which benefits are to be paid. The other is made up of those who, as a result of sustaining recoverable losses, are persons
 
 to
 
 whom those benefits are
 
 to
 
 be paid. As already indicated, membership in one group is not necessarily dependent on membership in the other. Nor are they mutually exclusive (cf.
 
 McConnell v Fireman's Fund Amer. Ins. Co.,
 
 79 Misc 2d 219 [Lynch, J.], affd 49 AD2d 676).
 

 Thus, reference in
 
 Montgomery v Daniels (supra, p 46)
 
 to the exclusion of motorcycles from the act’s "coverage”, made there in the context of a description of the particular
 
 beneñts
 
 for which compensation must be made available, is to be read as excluding motorcycle owners only from any obligation to provide for "no-fault” payments for those who may be injured in the course of the use or operation of their motorcycles. It was not an exclusion from eligibility to receive benefits from coverage provided by the owners of automobiles in the course of whose use or operation motorcyclists are injured. The fact that the use or operation of a motorcycle is also involved in an automobile accident and that the motorcyclist is exempt from providing "no-fault” coverage does not alter his or her status as a claimant.
 

 The word "coverage” as used in that context both in
 
 Montgomery
 
 and in this opinion, is most consistent with its common employment as a term of art to connote " 'protection by
 
 *397
 
 insurance policy * * * or beneficial plan * * * against * * * claims’ ”
 
 (State Farm Mut. Auto. Ins. Co. v Brower,
 
 204 Va 887, 891). It is to be assumed that the Joint Legislative Committee on Insurance, under whose aegis our "no-fault” legislation was drafted, was not unaware of that usage.
 

 True it is, as the defendant correctly points out, the Legislature, before enacting article XVIII, carefully considered the ability of motorcycle owners to bear the cost of no-fault insurance coverage (Report of Proceedings of Committee on Insurance Rates and Regulation, NY Legis Doc, 1972, No. 21, p 17; Note, 37 Albany L Rev 675). And, in deciding to exempt the owners of motorcycles from the need to purchase such coverage, it apparently hearkened to their problem. To conclude, however, that the same legislative hand that reached out to grant that exemption by the overt device of narrowing the definition of motor vehicle so as to expressly exclude motorcycle owners therefrom intended at the same time to deprive them of their status as "no-fault” claimants would be to venture beyond the indications of its intent. It would also run counter to both the statute’s broad definition of claimants as "persons, other than occupants of another motor vehicle” (Insurance Law, § 672, subd 1, par [a]) and, subject to carefully delineated exceptions (Insurance Law, § 672, subd 2, pars [a], [b], [c]) the policy to compensate "every auto accident victim” proclaimed by the Governor when he signed it into law (1973 McKinney’s Session Laws of New York, p 2335).
 

 Accordingly, the order should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
 

 Order affirmed, with costs.