OPINION OF THE COURT
Joseph Rosenzweig,. J.
Action for breach of contract of insurance. Both sides have moved for summary judgment. Defendants’ motion granted, plaintiff’s motion denied.
From the papers submitted it appears that plaintiff State Farm Mutual Insurance Company (hereinafter referred to as State Farm) paid out no-fault benefits of $3,787.82 to its insureds, the defendants herein, who had been involved in an auto accident on July 14, 1975.
Subsequently, the insureds settled the personal injury aspect of their case for $3,300, said sum serving as compensation for the pain and suffering sustained. State Farm then brought suit to recover the $3,787.82 in benefits it had paid. After service of an answer and demand for bill of particulars, the matter is now before this court on motion by each side for summary judgment.
State Farm maintains that pursuant to its contract of insurance and in accordance with subdivision 2 of section 673 of the Insurance Law, it has a lien against the settlement moneys paid to its insured.
Subdivision 2 of section 673, insofar as it is relevant, states *39 that: "In any action by or on behalf of a covered person, against a noncovered person, where damages for personal injuries arising out of the use or operation of a motor vehicle * * * may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person.”
State Farm argues for the application of the above section in that the original defendants in the accident case, Safeway Auto Body Corporation and General Motors Corporation (hereinafter referred to as Safeway and GM respectively) being neither pedestrians, owners, drivers nor occupants of a motor vehicle cannot be considered "covered persons” as the term is defined in the Insurance Law,* and thus must be considered "noncovered persons”.
In opposition to State Farm’s motion for summary judgment and in support of their own, defendants make two arguments.
Firstly, it is defendant’s contention that the settlement amount represents compensation for pain and suffering, items included in the statutory definition of "[n]oneconomie loss” (Insurance Law, § 671, subd 3); whereas, the first-party no-fault benefits paid by State Farm were for "basic economic loss”. (Insurance Law, § 671, subd 1.)
Secondly, defendants maintain that Safeway and GM are indeed "covered persons” within the definition in the Insurance Law, and that State Farm’s sole remedy lies in an arbitration proceeding against Safeway or GM’s insurer. (Insurance Law, § 674, subds 1, 2.)
The remedy of summary judgment may be granted where, in the words of the statute, "the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” (CPLR 3212, subd [b].)
Since State Farm relies on subdivision 2 of section 673 of the Insurance Law in assertion of this claim the court will first consider whether a cause of action under this section has been stated. To do this it is necessary to consider this provi *40 sion not in isolation, but as part of an entire statutory scheme known as "No-Fault.”
The Comprehensive Automobile Insurance Reparations Act (commonly called the "No-Fault” law) was enacted into law in this State in 1974. (L 1973, ch 13.)
It requires every owner of a motor vehicle to have insurance coverage that will provide compensation for "basic economic loss” in the form of no-fault benefits to a person injured through the use or operation of that motor vehicle without regard to fault or negligence.
To the extent that the injured party is reimbursed for his economic loss (loss of earnings, reasonable value of medical treatment and other reasonable and necessary expenses) he is precluded from maintaining an action at law against another insured person. However, the noneconomic loss (pain and suffering) is a totally separate consideration and is recognized as such in the statute. The injured party may still bring an action at law for the pain and suffering undergone (subject to requirements in the statute not here relevant).
 In the case at hand, an action at law was foregone in favor of a settlement amount of $3,300. What State Farm seeks to do, however, is to recoup the moneys it has paid out for economic loss from a settlement for noneconomic loss. Such reasoning "lead[s] to the anomalous result that the insured would be paying his own no-fault benefits out of the compensation for his pain and suffering, items specifically excluded from no-fault payments.” (Matter of Spitaleri v Hartford Acc. & Ind. Co., 88 Misc 2d 431, 432.)
An analogous situation would be an injured party who has received first-party benefits for economic loss from his insurer and then seeks recovery for pain and suffering under the unindorsed motorist provision of his policy. Since no-fault benefits compensate for basic economic loss and uninsured motorist coverage compensates for pain and suffering each is a separate claim, and the insurer may not set off one against the other. (Matter of Sinicropi v State Farm Ins. Co., 55 AD2d 957.)
As to State Farm’s rights under the contract of insurance, the court takes notice of a recent case which involved substantially the same insurance provision on reimbursment as State Farm had in its policy with the defendants here. In Royal Globe Ins. Co. v Connolly (54 AD2d 1117, 1118) the Appellate Division stated that "Only * * * when a right of *41 recovery for basic economic benefits continues to exist, does the law grant 'an insurer which paid or is liable for first party benefits on account of such injuries * * * a lien against any recovery to the extent of benefits paid or payable by it to the covered person’ (Insurance Law, § 673 subd 2). The underlying legislative intent clearly is to prevent the covered person from receiving double payments for the same injury.”
Lastly, even assuming arguendo that the law as set forth did not bar a lien under the circumstances of this case, State Farm would still be precluded from proceeding under subdivision . 2 of section 673 of the Insurance Law. Although it may be true that Safeway and GM were not "pedestrians, owners, drivers or occupants” of a motor vehicle, the definition of "covered person” does not rest upon the characterization of the injured alone. Rather, "covered person” refers to someone, be it an individual or an entity, which has secured for itself financial coverage through a valid policy of insurance. When the status of Safeway and GM is viewed in this light, it is clear that neither can be considered an "uncovered person” and that State Farm’s remedy is to bring an arbitration proceeding against either company’s insurer as provided under section 674 of the Insurance Law.
Accordingly, this court believes that State Farm has failed to establish its cause of action as a matter of law, and that summary judgment should be granted to the defendants.

 Subdivision 10 of section 671 of the Insurance Law defines: covered person as "any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by articles six or eight of the vehicle and traffic law or which is referred to in subdivision two of section three hundred twenty-one of such law; or any other person entitled to first party benefits.”