■ ROBERT G. SALISBURY, Respondent v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 24, 1978 in Albany County, which denied defendant's motion to vacate and set aside a default judgment. On June 23, 1974, a motorcycle owned and operated by plaintiff collided with an automobile owned by one Mason, causing injuries to plaintiff. Mason's automobile was insured by defendant pursuant to article 18 of the Insurance Law. Plaintiff made claim against defendant for first-party benefits. On November 25, 1974, defendant denied the claim on the grounds that plaintiff was intoxicated while operating his motorcycle at the time of the accident and, as the operator of a motorcycle, he was not entitled to first-party benefits (Insurance Law, § 672, subd 1, par [a]). Subdivision 2 of section 672 of the Insurance Law provides that an insurer may exclude from coverage for first-party benefits a person who is injured as a result of operating a motor vehicle in an intoxicated condition within the meaning of section 1192 of the Vehicle and Traffic Law. The police report of the accident cited plaintiff for violations of sections 1192 and 509 of the Vehicle and Traffic Law. Section 1192 provides that an operator of a motorcycle, while in an intoxicated condition, shall be guilty of a misdemeanor. On March 26, 1975, plaintiff commenced an arbitration proceeding pursuant to subdivision 2 of section 675 of the Insurance Law. Notice to arbitrate the claim was received by defendant on March 29, 1975. Defendant moved to stay arbitration on April 10, 1975 on the grounds that plaintiff was not a "covered person" within the meaning of subdivision 10 of section 671 of the Insurance Law, and that the definition of "motor vehicle" in subdivision 6 of section 671 did

not require coverage for first-party benefits for operators of motorcycles. Plaintiff defaulted in appearing on the motion and, on May 3, 1975, Special Term granted the motion to vacate the notice to arbitrate and stayed arbitration. On February 24, 1977, the Court of Appeals held in *Perkins v Merchant Mut. Ins. Co.* (41 NY2d 394) that a plaintiff motorcyclist who was injured in a collision with an automobile is entitled to first-party benefits under the policy of no-fault automobile insurance issued to the owner of the automobile. On July 21, 1977, plaintiff commenced this action to recover first-party benefits. Defendant did not appear in the action until eight days after its time to answer had expired. On August 30, 1977, plaintiff took a default judgment against defendant and, on September 30, 1977, defendant moved to open and vacate the default judgment. Special Term denied the motion on the ground there was no showing that defendant had a meritorious defense to the action. Defendant contends that when plaintiff filed his demand for arbitration to determine his claim for first-party benefits, he chose an election of remedies, and that his failure to oppose defendant's motion to stay arbitration resulting in an order permanently staying arbitration, precludes recovery in this action. Subdivision 2 of section 675 of the Insurance Law provides that "Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits * * * to arbitration". Plaintiff availed himself of this option to arbitrate, which arbitration was vacated and permanently stayed by order of Special Term dated May 3, 1975. The order staying arbitration eliminated the procedural option. The present action is not a collateral attack on the order staying arbitration, but instead is the pursuit of an action at law which was one of plaintiff's options from the very beginning. In *Matter of Kavoukian v Bethlehem Cent. School Dist.* (63 AD2d 767), petitioner commenced grievance procedures after he was suspended from his position as a school bus driver. On March 25, 1976, he demanded arbitration which proceeding was concluded on June 14, 1976 upholding the dismissal. Before the arbitration decision was announced, he commenced a CPLR article 78 proceeding seeking to annul his discharge. On October 29, 1976, Special Term dismissed the CPLR article 78 proceeding on the ground that petitioner had waived his rights for a hearing under section 75 of the Civil Service Law when he elected to submit his grievance to arbitration. This court, affirming Special Term, held that, since the arbitrator had rendered a decision, petitioner could not seek relief pursuant to the remedy of a CPLR article 78 proceeding. "Once the controversy is heard and a decision arrived at *either* by the arbitrator *or* by the commissioner *or* by the judge, that is the end of the matter." (*Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122, 132.) Here, there was no decision in the arbitration proceeding on the merits. The doctrine of election of remedies is a "harsh and arbitrary principle designed only to prevent vexatious litigation" (*Strong v Reeves,* 280 App Div 301, affd 306 NY 666; *Smith v Kirkpatrick,* 305 NY 66; *Schenck v State Line Tel. Co.,* 238 NY 308). Plaintiff is not precluded from pursuing his action at law on the ground of election of remedies. Special Term in denying defendant's motion to open the default, held that if time of delay were the only consideration, the judgment would be vacated. However, Special Term held that defendant's contentions of election of remedies, and that plaintiff's alleged intoxicated condition at the time of the accident precluded recovery of first-party benefits, did not constitute meritorious defenses, and, therefore, the motion to vacate the default judgment was denied. The defense based on section 672 (subd 2, par [b]) of the Insurance Law which denies recovery to a person who "is injured

as a result of operating a motor vehicle while in an intoxicated condition" certainly should be considered to be meritorious. Special Term's reliance on *Moses v National Grange Mut. Ins. Co.* (89 Misc 2d 106) is not impressive, since in that case the distinction between a "motor vehicle" as defined in section 671 (subd 6, par [b]) of the Insurance Law and a motorcycle appears to be in conflict with the ultimate holding in *Perkins v Merchants Mut. Ins. Co.* (41 NY2d 394, *supra)* and the court's interpretation of the intent of the statute. Accordingly, the order should be reversed, the default judgment vacated, and defendant should be permitted to serve its answer. Order reversed, on the law and the facts, without costs, and motion to vacate default judgment granted; defendant directed to serve its answer within 30 days after service of a copy of the order to be entered hereon with the default judgment to stand as security. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur; Mikoll, J., not taking part.