UNITED STATES of America,
Plaintiff-Appellee,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
Defendant-Appellant.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
Plaintiff-Appellant,

v.

John ROZMYSLOWICZ,
Defendant-Appellee,

United States of America, Defendant.

No. 912, Docket 79–6025.

United States Court of Appeals,
Second Circuit.

Argued April 10, 1979.

Decided Sept. 17, 1979.

E. Richard Rimmels, Jr., Mineola, N. Y. (Montfort, Healy, McGuire & Salley, Mineola, N. Y., of counsel), for defendant-appellant.

Abraham Y. Skoff, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., Richard P. Caro, Asst. U. S. Atty., Eastern District of New York, Brooklyn, N. Y., of counsel), for the United States of America.

Before OAKES and GURFEIN, Circuit Judges, and PIERCE, District Judge.*

PIERCE, District Judge:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York, Eugene Nickerson, Judge, that the United States is entitled to compensation from the appellant, Government Employees Insurance Company ("GEICO"), under New York's Comprehensive Automobile Insurance Reparation Act ("no-fault law"), N.Y.Ins.Law § 670 et seq. (McKinney Cum.Supp.1978). The government had sought to obtain compensation for the medical services it had rendered and expenses it had incurred in connection with an injury sustained by a member of the United States Armed Forces, Marine Corpo-

---

* Honorable Lawrence W. Pierce, District Judge of the United States District Court for the　Southern District of New York, sitting by designation.

ral John Rozmyslowicz.[1] Rozmyslowicz had suffered injury while riding in an automobile driven by Charles Fabisiak whose automobile insurance policy from GEICO provided for payment of certain no-fault benefits to eligible persons pursuant to state law. As required by federal statute, 10 U.S.C. § 1074, the government provided medical care to Rozmyslowicz without charge.

The district court held that although the government was not entitled to compensation under the express provisions of the insurance policy, it could recover its expenses under section 672 of New York's no-fault law. *Government Employees Insurance Co. v. Rozmyslowicz*, 449 F.Supp. 68 (E.D.N.Y.1978). GEICO contends that because only human beings are entitled to compensation under that section and since no claimant is entitled to recover any medical expenses other than those which he personally incurred as a result of physical injuries he suffered, the decision of the district court should be reversed. These issues have not previously been resolved by the New York State courts.

Section 672(1)(a) of New York's no-fault law provides, in part, that every no-fault insurance policy shall provide for the payment of certain statutory benefits to "persons, other than occupants of another motor vehicle or a motorcycle, for loss arising out of the use or operation in [New York] of [the insured] motor vehicle . . . ."[2] N.Y.Ins.Law § 672(1)(a) (McKinney Cum. Supp.1978). In spite of the broad phrasing of this section, appellant contends that since the terms of section 672 are implicitly limited by the definitions contained in section 671[3] and since those definitions reflect the New York legislature's intent to benefit only human beings, the government is not a "person" entitled to compensation under section 672.

A review of these sections indicates, however, that the New York legislature did not limit the class of persons who are eligible to recover expenses under the no-fault law to human beings. Although the definitions contained in section 671 may be said to generally describe compensable expenses as those relating to human injury, they do not expressly or implicitly exclude non-human entities from the class of persons who are generally covered by the no-fault law. *State Farm Mutual Auto Insurance Co. v. Coppersmith*, 97 Misc.2d 37, 410 N.Y.S.2d 975 (Civ.Ct.N.Y.1978) (a non-human entity can be a "covered person" under section 671(10)). Therefore, to the extent that the provisions of section 671 limit the right to compensation under section 672, the government is not excluded from the class of persons entitled to compensation under section 672 by the terms of section 671.

Similarly, section 672 does not expressly exclude a non-human entity from the class of persons who are eligible to receive compensation thereunder. The New York legislature has specified exceptions to the broad class of beneficiaries under that section, and those exceptions are expressly set forth. The only exceptions are occupants of a motor vehicle other than the insured motor vehicle and occupants of a motorcycle. N.Y.Ins.Law § 672(1)(a) (McKinney Cum.Supp.1978). Also, the New York Court of Appeals has noted that a narrow judicial interpretation of section 672 would be inconsistent with the "statute's broad definition of claimants" as well as the legislative policy embodied therein. *Perkins v. Merchants Mutual Insurance Co.*, 41 N.Y.2d

---

**1.** GEICO initiated this litigation by bringing an action in the New York State Supreme Court, Nassau County, against Rozmyslowicz and the United States for a declaration that neither he nor the United States was entitled to compensation from GEICO under the no-fault law. The United States removed that action to federal district court and thereafter commenced another action in this court to recover the medical cost it incurred on behalf of Rozmyslowicz.

**2.** Although the GEICO policy in controversy did not contain a provision which embodied the terms of section 672, state law and regulation require that the policy be construed as if it did contain such a provision. 1973 N.Y.Laws ch. 13; 11 N.Y.C.R.R. § 65.2 (1977).

**3.** Section 671 contains the definitions of several terms referred to in other sections of the no-fault law.

394, 397, 393 N.Y.S.2d 347, 349, 361 N.E.2d 997 (1977). The government, therefore, is a "person" under section 672 and may, unless otherwise precluded, recover under the no-fault law the expenses it incurred on behalf of Rozmyslowicz.

The remaining issue is whether the government is precluded from obtaining compensation under section 672 because it did not suffer the physical injury for which compensation for medical care is sought. It requires consideration of both the statutory language of that section and the underlying legislative policy embodied in the no-fault law.

Section 672(1)(a) does not expressly limit recovery thereunder to those expenses incurred by a claimant as a result of physical injuries suffered by that claimant. It merely requires that the expense for which reimbursement is sought be among the compensable items listed as a "first party benefit" in section 671 and that it be related to an injury caused by the use or operation of a motor vehicle within the state. N.Y.Ins.Law § 672(1)(a) (McKinney Cum. Supp.1978). Under section 671(2) "first policy benefits" are defined as "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle." *Id.* § 671(2). "Basic economic loss" includes medical expenses and loss of earnings. *Id.* § 671(1). The term "personal injury" refers to bodily harm as distinguished from property damage. *See* Comment, New York Adopts No Fault: A Summary and Analysis, 37 Albany L.Rev. 662, 673 (1973).

The broad language of section 672(1)(a) suggest that a third party claimant who incurs the medical costs of an accident victim may recover those expenses under this section. As noted in *Barker v. Scott*, 81 Misc.2d 414, 416, 365 N.Y.S.2d 756, 758–59 (Sup.Ct.1975), a derivative action by the husband of an accident victim to recover losses he incurred on behalf of his wife, "the language of section 671, subd. 1 par. (a), dealing with first-party benefits, might be construed as broad enough to encompass the husband's or parent's 'loss arising out of

the use or operation' of a motor vehicle— and this would also require a reasonably broad construction of the term 'loss on account of personal injury', i. e., a personal injury other than one's own, appearing in subdivision 2 of section 671 . . . .''

Furthermore, neither the definition of the term "first party benefits" nor the statutory meaning of the term "basic economic loss" necessarily precludes a claimant from recovering the medical expenses it incurred on behalf of the accident victim. Indeed, medical costs are among the items the legislature sought to ensure would be reimbursed by the insurer under the no-fault law.

The appellant nonetheless urges a narrow interpretation of these sections. Such a narrow construction would not, however, further the legislative goals embodied in the no-fault law. The New York Court of Appeals has noted that a principal objective of the legislature was to "assure the prompt and full reimbursement of the 'economic' losses those injured in automobile accidents may suffer . . . ." *Perkins v. Merchants Mutual Insurance Co.*, 41 N.Y.2d at 396, 393 N.Y.S.2d at 348, 361 N.E.2d at 998 (1977) (citing *Montgomery v. Daniels*, 38 N.Y.2d 41, 51, 378 N.Y.S.2d 1, 8–9, 340 N.E.2d 444 (1975)). A second legislative goal was, however, to reduce the "inordinate strain on the State's court systems and judicial resources." *Montgomery v. Daniels*, 38 N.Y.2d at 51, 378 N.Y.S.2d at 9, 340 N.E.2d at 450. It would be inconsistent with the intent of the legislature to ensure reimbursement for medical costs for this Court to hold that the government is not entitled, under section 672, to compensation for the medical care it rendered to an accident victim, particularly since "providers of health services" are entitled to obtain compensation for medical services, N.Y.Ins.Law § 678 (McKinney Cum.Supp.1978). Absent a clear showing that the legislature intended to permit only a claimant himself to recover costs related to physical injuries he has suffered, such a limited interpretation of section 672 is not warranted. Moreover, a denial of compensation to the government

under section 672 would not promote the legislative goal of reducing litigation involving motor vehicle accidents. If precluded from obtaining compensation under section 672, the government could apparently seek compensation under 42 U.S.C. § 2651 for the medical costs it incurred.[4] The legislative goal of reducing the amount of litigation involving such medical care costs would not, therefore, be furthered.[5]

Finally, several of the courts of states which have no-fault laws similar to New York's no-fault law have held that medical costs which are incurred by a third party on behalf of an accident victim may be recovered, *United States Automobile Association v. Holland,* 283 So.2d 381 (Fla.Dist.Ct.App. 1973), and that persons other than the accident victim may obtain compensation under the no-fault law, *e. g., Ricks v. Coffelt,* 369 A.2d 680 (Del.1977); *contra, Sanner v. Government Employees Insurance Co.,* 75 N.J. 460, 383 A.2d 429 (1978) (per curiam). At least one New York court has suggested that the New York no-fault law may be similarly interpreted. *Barker v. Scott,* 81 Misc.2d 414, 365 N.Y.S.2d 756 (Sup.Ct.1975).

For these reasons, the order of the district court is affirmed.

---

**4.** Section 2651(a) of Title 42, U.S.C. provides: "In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or

survivors, as appropriate, to assign his claim or cause of action against the third person to the extent of that right or claim."

**5.** GEICO also asserts that a ruling for the government will simply raise insurance rates for military personnel. This could be true to an extent. It is possible that our ruling will, through ultimately higher rates, pass on to military personnel generally the ultimate cost of their own injuries in no fault cases where there is no liability over on the part of a third party. In the era preceding New York's no-fault law, the cost of injuries sustained by military personnel from accidents in which there was no third-party liability was borne entirely by the government. Now, that cost may be reimbursed by insurance companies and passed on to policyholders. But this change is mainly the result of the government's post no-fault decision to pursue claims of this kind. If the government wishes to alter its relationship with its military personnel in this way, there is no reason, in law or policy for this court to interfere.