■ MORTON BOND et al., Plaintiffs, v LINDA HITCHCOCK, Respondent, and HELD, CHEVEN, STERNBERG & HELD, Appellants.—Order unanimously affirmed, with costs to respondent Hitchcock. Memorandum: This action arose out of an accident on September 6, 1975 involving an automobile operated by plaintiff Bond and a motorcycle operated by defendant-respondent Hitchcock. Plaintiff Bond collected first-party no-fault benefits from his insurer, plaintiff Allstate Insurance Co. On September 16, 1977, plaintiffs brought an action to recover said payments from defendant-respondent who is insured in a liability policy issued by Country-Wide Insurance Co. It appears from the bill of particulars that plaintiffs' total claim for damages is $2,996.72, the exact sum paid to Bond as first-party benefits by Allstate. Inasmuch as plaintiff Bond has made no claim for pain and suffering and cannot share in the claim for first-party benefits, we proceed as if Allstate were the sole plaintiff. The appeal here is from Special Term's denial of the motion of appellants, the attorneys for Country-Wide, for permission to withdraw as attorneys for defendant-respondent Hitchcock. Appellants contend that inasmuch as Country-Wide did not provide first-party benefit coverage for defendant-respondent, it bears no statutory or contractual duty to defend and indemnify defendant-respondent in an action against her for recoupment of such benefits paid to plaintiff Bond. The contention is without merit. Because she was operating a motorcycle, defendant-respondent was not covered for first-party benefits under subdivision 1 of section 673 of the Insurance Law and was a "noncovered person" within the meaning of subdivision 2 of section 673. Plaintiff Bond would, therefore, not have been precluded by subdivision 1 of section 673 of the Insurance Law from suing defendant-respondent for his damages including his pain and suffering and the amount paid to him as first-party benefits for which Allstate would have had a lien under subdivision 2 of section 673. (See *Matter of Ackerman [Forbes],* 66 AD2d 1027; *United States Fid. & Guar. Co. v Stuyvesant Ins. Co.,* 61 AD2d 1122.) Subdivision 2 of section 673 provides that "The failure of [the insured to sue] within two years after the accrual thereof shall operate to give the insurer a cause of action for the amount of first party benefits paid or payable against any person who may be liable to the

covered person". Inasmuch as plaintiff Bond did not commence such suit within two years after the accrual thereof and now asserts no claim other than for first-party benefits, plaintiff Allstate may proceed under subdivision 2 of section 673 with its cause of action for first-party benefits against defendant-respondent Hitchcock for which she is covered by Country-Wide's liability policy. The motion of Country-Wide's attorneys to withdraw was, therefore, properly denied. (Appeal from order of Cayuga Supreme Court— withdraw as attorneys.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.