NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v COUNTRY-WIDE INSURANCE COMPANY, Appellant.

Third Department, November 20, 1980

APPEARANCES OF COUNSEL

*Alderman, Alderman, Samuels & Schepp (Bernard Samuels* and *Eric M. Alderman* of counsel), for appellant.

*Hesson, Ford, Sherwood & Whalen (Donald P. Ford, Jr.* of counsel), for respondent.

OPINION OF THE COURT

GREENBLOTT, J. P.

John Gentile, a passenger on a motorcycle owned by Janice Drobneck, was injured in a collision on August 30, 1975 between the motorcycle and an automobile. Defendant insured the motorcycle and plaintiff insured the automobile. Pursuant to article 18 of the Insurance Law (Comprehensive Automobile Insurance Reparations Act), plaintiff paid

$1,574.75 in medical specials and lost wages (first-party benefits) to Gentile.

When Gentile failed to institute an action against Drobneck on January 12, 1978, in accordance with the provisions of subdivision 2 of section 673 of the Insurance Law, plaintiff commenced an action against her to recover the amount it had paid to Gentile. The defendant disclaimed coverage for Drobneck. Plaintiff then took a default judgment against Drobneck. After the judgment remained unsatisfied for 30 days, this action was commenced (Insurance Law, § 167). The Albany City Court granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment. County Court affirmed the judgment of the City Court and this appeal ensued.

Basic economic loss under subdivision 1 of section 671 of the Insurance Law includes necessary medical treatment expenses and lost earnings. The right to first-party benefits accrues to the injured person regardless of fault or negligence on the part of the covered person. However, subdivision 6 of section 671 of the Insurance Law excludes motorcycles by its definition. Insurers of motorcycles, as of the date of this accident, were not required to provide no-fault coverage (first-party benefits) to operators of motorcycles insured by them.

On the basis of the statutory law then in effect, defendant contends that, since it did not provide coverage to Drobneck for first-party benefits, it is not responsible for payment of the judgment against Drobneck. In our view, this position fails to take into consideration the fact that John Gentile was entitled to bring an action against Drobneck, defendant's insured, under the liability policy issued by defendant to Drobneck. (Vehicle and Traffic Law, § 311, subd 4.) The fact that John Gentile had been paid his medical specials and lost wages, the items comprising first-party benefits, did not change the nature of the action which Gentile could have brought against Drobneck. Plaintiff was substituted under subdivision 2 of section 673 of the Insurance Law for John Gentile because of Gentile's failure to maintain an action for his personal injuries within two years of its accrual.

Plaintiff, in its action against defendant, was required to and did prove liability and damages prior to being granted a judgment by default. Defendant had the opportunity to contest the action but failed to do so when it disclaimed coverage, thereby causing the default judgment to be entered. Defendant was not required to provide coverage under its liability policy with Drobneck without proof of fault. Had defendant appeared and defended the action against Drobneck, it would, of course, have been afforded the usual opportunity to defend against the allegations of negligence and damages. It chose not to do so. The order must, therefore, be affirmed. (See *Bond v Hitchcock*, 71 AD2d 1052.)

The order should be affirmed, with costs.

SWEENEY, KANE, MAIN and MIKOLL, JJ., concur.

Order affirmed, with costs.