WESTCHESTER FIRE INSURANCE Co., Appellant, v JAMES C. NESBITT et al., Respondents.

Fourth Department, April 2, 1982

**APPEARANCES OF COUNSEL**

*Cox, Barrell, Walsh, Roberts & Grace* (*Dale A. Ehman* of counsel), for appellant.

*Hemierl, Keenan & Stiller* (*David G. Stiller* of counsel), for James C. Nesbitt, respondent.

*Saperston, Day, Lustig, Gallick, Kirschner & Gaglione* (*Lawrence A. Schulz* of counsel), for Fireman's Fund Insurance Cos., respondent.

Schnepp, J.

Plaintiff is the insurer of the owner of an automobile which, while being operated by one Caplick in his garage business, struck and injured a pedestrian. Caplick had a garageman's policy of liability insurance and his insurer settled the pedestrian's personal injury action. Plaintiff, which has paid first-party no-fault benefits to the pedestrian, seeks to impose a lien on the settlement under subdivision 2 of section 673 of the Insurance Law contending that Caplick is a "noncovered" person. We reject this contention and hold that plaintiff has no basis for reimbursement because Caplick is a "covered person" under the New York State No-Fault Law (Insurance Law, art 18, Comprehensive Automobile Insurance Reparations Act).

The underlying facts are undisputed. On November 18, 1976 the defendant, James C. Nesbitt, a pedestrian, sustained serious injuries including the loss of a limb when he was struck by an automobile owned by Leopold Gallo and operated by Joseph Caplick in connection with Caplick's automobile repair business. Gallo had an owner's policy of automobile liability insurance issued by the plaintiff Westchester Fire Insurance Company which contained a no-fault indorsement (see Insurance Law, § 672, subd 1). This policy excluded liability coverage when the automobile was used by "any person * * * engaged in the automobile business". Caplick was insured by the defendant Fireman's Fund Insurance Companies under a garageman's liability policy which did not provide no-fault coverage. Since the accident Westchester has paid first-party benefits to Nesbitt in excess of $27,000 (see Insurance Law, § 672, subd 1, par [a]).

On January 6, 1977 Nesbitt commenced a personal injury action against both Gallo and Caplick and alleged in his complaint that he had "sustained a serious injury as defined in the Insurance Law of the State of New York, and economic loss greater than the basic economic loss as defined in said Insurance Law; and that, among other injuries, the plaintiff sustained loss of limb, as well as

medical expenses far in excess of the sum of $500.00".[1] Westchester defended Gallo in this action which was settled and discontinued by stipulation on January 12, 1979 upon payment by Fireman's to Nesbitt of the sum of $135,000. Nesbitt's general release to Caplick and Gallo contained the following provisions:

"This release shall not affect the right of any No Fault carrier for reimbursement pursuant to the New York State Insurance Law.

"This release shall not affect the rights of JAMES C. NESBITT to continuing or additional No Fault benefits in accordance with provisions of the New York State Insurance Law.

"This release is for non-economic loss only, pursuant to Article 18 of the Insurance Law of the State of New York."

On March 12, 1980 Westchester commenced this present action against Nesbitt and Fireman's alleging that Caplick is a "noncovered person", that Nesbitt's action against Caplick was by a "covered person" against a "noncovered person", and that, by reason of subdivision 2 of section 673 of the Insurance Law, Westchester has a lien against the settlement proceeds to the extent of the first-party benefits it paid to Nesbitt. Each party moved for summary judgment. Westchester contended that the defendants cannot defeat its lien by providing in their release that the settlement is for "non-economic loss only", and that Nesbitt cannot sever his "non-economic loss" and "economic loss" claims against Caplick and then settle his "non-economic loss" claim in order to defeat Westchester's lien. The defendants asserted that Caplick is a "covered person" like Nesbitt and that, accordingly, Westchester has no statutory lien.

Special Term found that Caplick is a "covered person" because he "was operating an auto which was covered by an insurance policy which provided no-fault protection to anyone injured as a result of an accident with said auto" and that Nesbitt cannot be compelled to pay the no-fault

---

1. At the time of the accident "serious injury" was defined to include loss of a body member and an injury with medical expenses exceeding $500 (Insurance Law, § 671, subd 4, repealed by L 1977, ch 892, § 8).

benefits that he received out of his settlement for "non-economic loss".

The Legislature has defined the meaning of a "covered person" and the rights of no-fault insurers which may arise upon the payment of first-party benefits. A "covered person" is defined to include any pedestrian injured through the operation of, or any operator of, a motor vehicle which has in effect the required financial security (Insurance Law, § 671, subd 10). In an action by a "covered person" against a "noncovered person", where damages for personal injuries arising out of the operation of a motor vehicle may be recovered, an insurer which has paid first-party benefits has a lien against any recovery to the extent of the benefits paid by it to the "covered person" (Insurance Law, § 673, subd 2). The parties agree that Nesbitt is a "covered person" because he was a pedestrian injured by the operation of a motor vehicle which had the statutorily required insurance coverage. The status of Caplick as a "covered" or "noncovered" person, however, is a source of disagreement between the parties.

Fireman's and Nesbitt argue that Caplick, as the operator of a motor vehicle which had the required financial security, is a "covered person" as that term is statutorily defined. Westchester concedes that Caplick fits the statutory definition of a "covered person", but contends that the courts have recognized a definition of "noncovered person" which is applicable to Caplick. It argues that a person who is entitled to receive no-fault benefits but is not required to provide no-fault coverage is a "noncovered person" within the meaning of the term as it is used in the statutory lien provision.

The source of Westchester's argument is the line of so-called "motorcycle cases". In *Montgomery v Daniels* (38 NY2d 41, 62) the Court of Appeals stated that "[n]oncovered persons under article 18 include: (1) an owner, operator or passenger on a motorcycle (§ 671, subd 6, par [b])". Nonetheless, in *Perkins v Merchants Mut. Ins. Co.* (41 NY2d 394) the court held that motorcyclists are eligible for no-fault benefits.[2] This seeming contradiction was ex

2. Subdivisions 1 and 6 of section 672 and subdivision 1 of section 673 of the

plained by the court in *Perkins* this way: "For the purposes of article XVIII those involved in automobile accidents may be regarded as falling in to either or both of two classifications. One consists of those required to provide 'no-fault' coverage *from* which benefits are to be paid. The other is made up of those who, as a result of sustaining recoverable losses, are persons *to* whom those benefits are to be paid. As already indicated, membership in one group is not necessarily dependent on membership in the other. Nor are they mutually exclusive". (*Perkins v Merchants Mut. Ins. Co., supra,* p 396; see, also, *Matter of New York City Tr. Auth. v Smith,* 52 AD2d 624.) Thereafter, in *United States Fid. & Guar. Co. v Stuyvesant Ins. Co.* (61 AD2d 1122) we held that although a motorcyclist is entitled to receive no-fault benefits, he is a "noncovered person" for the purpose of the statutory lien provision of subdivision 2 of section 673 of the Insurance Law because he is not required to provide no-fault coverage for his motorcycle (see, also, *Bond v Hitchcock,* 71 AD2d 1052; *Matter of Ackerman* [*Forbes*], 66 AD2d 1027).

It is this definition of "noncovered person", i.e., a person not required to provide no-fault coverage, which Westchester argues should be applied to Caplick in this case. Westchester contends that the definition applies not only to motorcycle operators but also to anyone who operates a motor vehicle for which he is not required to provide no-fault coverage.

Westchester's argument has some surface appeal. It does appear at first blush that Caplick is similar to a motorcycle operator in the sense that he was not required to provide no-fault coverage for the motor vehicle that he was operating just as the motorcycle owner is not required to have no-fault coverage for his motorcycle. The analogy, however, is inappropriate and does not withstand examination. The law provides no basis to support Westchester's assertion, and its reliance on the "motorcycle cases" to urge that Caplick may be a "covered person" for the purpose of

Insurance Law have been amended with relation to motorcycles (see L 1977, ch 892, §§ 9, 10, 11).

receiving first-party benefits and, at the same time, a "noncovered person" for the purpose of the statutory lien provision is misplaced.

There is an important distinction between a motorcycle operator and Caplick. Only an "owner's policy of liability insurance issued on a motor vehicle" is required to have a no-fault indorsement (Insurance Law, § 672, subd 1). Caplick was not required to provide no-fault coverage for the automobile that he was operating because he was not its owner. A motorcycle owner, however, is not required to have a no-fault indorsement on his liability policy because motorcycles are excluded from the definition of a "motor vehicle" applicable to article 18 (Insurance Law, § 671, subd 6). A motorcycle operator is a "noncovered person" only because the owner of a motorcycle is not required to provide no-fault coverage (see *Perkins v Merchants Mut. Ins. Co.*, 41 NY2d 394, 395, *supra; Montgomery v Daniels*, 38 NY2d 41, 61-62, *supra*). The automobile which was operated by Caplick, on the other hand, is not exempt and its owner must provide a no-fault policy of financial security. It is for this reason that Caplick cannot be considered a "noncovered person". Caplick, unlike a motorcycle operator, was the "operator * * * of * * * a motor vehicle" which had in effect the statutorily required financial security (Insurance Law, § 671, subd 10). Thus, he fits the statutory definition and is a "covered person". Caplick is a "noncovered person" only in the sense that Nesbitt or any nonowner of a motor vehicle would be. The statute does not exempt Caplick from the requirement to provide no-fault coverage; it merely makes no provision concerning him in this context, and his lack of no-fault insurance is, therefore, irrelevant.

In short, the failure of the statute to require Caplick to provide no-fault coverage does not make him a "noncovered person" for the purpose of the statutory lien provision. This was a one-vehicle accident and the statute required only one insurance policy to contain a no-fault indorsement. Since we have neither a motorcycle nor another statutory exception involved, the cases dealing with collisions between motorcycles and motor vehicles are inapposite. Under *Perkins* (41 NY2d 394, *supra*) Caplick

falls into only one classification, i.e., a person entitled to first-party benefits. The other classification, i.e., those required to provide no-fault coverage, does not apply. The insurer of the automobile which Caplick was operating was in full compliance with the no-fault law and no duty was imposed on Caplick to provide no-fault coverage. He was not a "noncovered person" under *Montgomery* (38 NY2d 41, 62, *supra*) and was not sued by Nesbitt in the status of a "noncovered person".

The determination that Caplick is a "covered person" is consistent with well-established principles of statutory construction. The Legislature may, in enacting a law, define the terms used therein, and such definitions are controlling on the courts (see *Matter of Daniman v Board of Educ.,* 306 NY 532, 543, revd on other grounds *sub nom. Slochower v Board of Educ.,* 350 US 551). The Legislature has defined the term "covered person" as it is used in article 18 of the Insurance Law in clear and unambiguous terms. Applied to the case at bar the definition denominates Caplick a "covered person" and the Legislature intended that he be so defined for all purposes including the statutory lien provision.

Accordingly, the order should be affirmed. Westchester does not have a statutory lien against Nesbitt's settlement because Caplick is a "covered person". In view of this determination there is no need to consider whether Nesbitt's settlement was for "non-economic loss" only. Finally, we note that the equities of the situation dictate that Westchester should bear the loss of providing no-fault benefits to Nesbitt because it received the premium for the "no-fault" coverage.

HANCOCK, JR., J. P., DOERR, DENMAN and BOOMER, JJ., concur.

Order unanimously affirmed, with costs.