OPINION OF THE COURT
Richard S. Lane, J.
Defendant moves to dismiss for failure to state a cause of action. Opposition premised on the oft-called landmark decision in Nationwide Mut. Ins. Co. v Country-Wide Ins. Co. (77 AD2d 304, mot to dismiss app granted 52 NY2d 1071) tests the very fabric of the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art 18; popularly known as the No-Fault Law).
Plaintiff’s insured was injured when her car was struck in the rear by defendant’s car. Plaintiff paid her first-party benefits and in this action seeks to recover the amount thereof. Pursuant to subdivision 1 of section 673 of the Insurance Law precluding recovery of basic economic loss by one “covered person” from another, plaintiff’s insured would have had no right to bring this action. Accordingly, argues defendant, plaintiff as subrogee can stand in no better stead.
Plaintiff on the other hand asserts that it has a right to proceed against defendant under the general liability pro *283 visions of defendant’s insurance pursuant to subdivision 4 of section 311 of the Vehicle and Traffic Law, and cites Nationwide v Country-Wide (supra) in which it lost under allegedly similar circumstances. In that case Nationwide paid first-party benefits to a passenger on a motorcycle injured in a collision with Nationwide’s insured’s car. After two years had passed without action by the passenger against the owner of the motorcycle, Nationwide sued her to recover the first-party benefits paid. It obtained judgment against her by default which it thereafter sought to enforce against her carrier, Country-Wide. The City Court in Albany granted summary judgment to Nationwide, the Third Department affirmed, and appeal therefrom was dismissed by the Court of Appeals.
Having lost in that case, plaintiff apparently determined to turn its experience to profit. Attached to its opposing papers here are copies of unpublished opinions by esteemed colleagues in a series of subsequent cases brought by plaintiff on all fours with this one in which it was successful in resisting motions to dismiss on the authority of Nationwide v Country-Wide (supra) (Country-Wide Ins. Co. v Cardaci, NY City Civ Ct, Index No. 33853/81; Spinelli v Alessi, Supreme Ct, Index No. 9543/79; Country-Wide Ins. Co. v Osathanvgrah, Supreme Ct, Index No. 27241/81; Country-Wide Ins. Co. v Herron, NY City Civ Ct, Index No. 35913/81; Country-Wide Ins. Co. v McElhearn, NY City Civ Ct, Index No. 41105/81; Country-Wide Ins. Co. v Learner, NY City Civ Ct, Index No. 19358/82).
If plaintiff and my esteemed colleagues are correct, the purpose of the No-Fault Law to eliminate costly and time consuming investigation and judicial determination of fault in most automobile collision cases would be utterly defeated. The loophole would be big enough for the proverbial Mack truck. The injured party would not be able to sue for negligence but the carrier paying first-party benefits would. However, in my humble opinion, they have all misread Nationwide v Country-Wide (supra) and it is simply not applicable.
In substance in this case one “covered person” is suing another and the action is barred by subdivision 1 of section 673 of the Insurance Law. In Nationwide v Country-Wide *284 under the provisions of subdivision 10 of section 671 and subdivision 1 of section 672 in force at the time of the accident (1975), the passenger on the motorcycle was a “covered person”. The owner of the motorcycle was not required to carry no-fault insurance. In substance, therefore, a covered person was suing a “noncovered person”, the action was not barred by subdivision 1 of section 673 then in force, and the eventual action by Nationwide against the owner was specifically authorized by subdivision 2 of section 673.
The motion to dismiss is granted.