Richard F. Kuhnen, J.
This is a negligence action arising out of an accident which involved an automobile and a motorcycle. The jury returned a verdict in favor of plaintiffs against both defendants. Thereafter a disagreement has arisen over the judgment to be entered upon that verdict. Defendant Lord has moved for an order directing entry of judgment and this court must decide what judgments may be entered upon the verdict.
The dispute originates from the provisions of article XVIII of the Insurance Law commonly known as the "no-fault” law. Under that article motorcycles are excluded from the provisions which require the owner of a motor vehicle to obtain a policy of insurance to provide "no-fault” benefits. (See Insurance Law, § 671, subd 6.) However, notwithstanding this exclusion, it is now clear that a motorcyclist is entitled to the "first party benefits” provided by the policy which covers an automobile that is involved in an accident with a motorcycle. (Perkins v Merchants Mut. Ins. Co., 41 NY2d 394.) That is, while a motorcyclist is not required to provide no-fault insurance coverage for himself or others he may nevertheless recover "first party benefits” for his own injuries where an automobile is involved.
Plaintiff Raymond E. Cole, Jr. was a passenger on a motorcycle operated by defendant John G. Cronk. Defendant Nancy L. Lord was the operator of the automobile which collided with the Cronk motorcycle. After trial the jury found negligence upon the part of both defendants and apportioned the fault between defendants as follows: defendant Lord-60%; defendant Cronk-40%. The jury determined that plaintiff Raymond Cole suffered damages for noneconomic loss in the amount of $75,000 and damages for economic loss in the amount of $17,625. Plaintiff Alyce Cole was awarded $2,500 for her derivative action and there is no dispute that she is entitled to a judgment jointly against both defendants for this amount.
Plaintiff Raymond Cole asks only for a judgment for noneco *180 nomic loss of $75,000 on the theory that both defendants were "covered persons” within the meaning of section 673 of the Insurance Law. Defendant Cronk concurs in this view. However, defendant Lord contends that defendant Cronk was a "non-covered person” within the meaning of section 673 and therefore a separate judgment for economic loss must be entered in favor of plaintiff against Cronk. Defendant Lord’s insurance carrier would then be entitled to a statutory lien upon that judgment for "first party benefits” paid by it to plaintiff. (Insurance Law, § 673, subd 2).
Subdivision 10 of section 671 of the Insurance Law defines a "covered person” as: "any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by articles six or eight of the vehicle and traffic law or which is referred to in subdivision two of section three hundred twenty-one of such law; or any other person entitled to first party benefits.” Since, as stated above, the Court of Appeals has held that a motorcyclist such as defendant Cronk is entitled to first-party benefits (see Perkins v Merchants Mut. Ins. Co., supra) it might seem at first blush that Cronk would be a "covered person” for all purposes and therefore plaintiff would not be entitled to a judgment for economic loss against Cronk. However, the following statement from the court’s opinion in Montgomery v Daniels (38 NY2d 41, 62) which held the "no-fault” law to be constitutional, raises an immediate red flag: "Noncovered persons under article 18 include: (1) an owner, operator or passenger on a motorcycle (§ 671, subd 6, par [b])”. Furthermore, to hold that a defendant motorcycle operator is a "covered person” for purposes of section 673 of the Insurance Law, by reason of consistency and logic, will require that the same interpretation be placed upon the term as it is used in section 674. As explained below, such a rule will defeat the legislative intent to exclude motorcycle owners from the requirement of providing "no-fault” insurance coverage. Perkins v Merchants Mut. Ins. Co., supra, p 397; Montgomery v Daniels, supra, p 62.)
For the reasons which follow the court holds that defendant Cronk was a "non-covered person” within the meaning of section 673 of the Insurance Law.
In Perkins (supra) the court carefully distinguished (p 396) between two categories of persons involved in automobile accidents. "One consists of those required to provide the 'no- *181 fault’ coverage from which benefits are to be paid. The other is made up of those who, as a result of sustaining recoverable losses, are persons to whom those benefits are to be paid * * * [Membership in one group is not necessarily dependent on membership in the other. Nor are they mutually exclusive”. (Emphasis in original.)
It is clear that defendant Cronk was a "covered person” to the extent that he was eligible to receive first-party benefits. It is equally clear that he was not a member of the group of persons who were required to provide insurance coverage from which first-party benefits were to be paid.
"The word 'coverage’ * * * is most consistent with its common employment as a term of art to connote ' "protection by insurance policy * * * or beneficial plan * * * against * * * claims” ’ [citation omitted]. It is to be assumed that the Joint Legislative Committee on Insurance, under whose aegis our 'no-fault’ legislation was drafted, was not unaware of that usage.” (Emphasis supplied.) (Perkins v Merchants Mut. Ins. Co., supra, 41 NY2d 394, 396-397.)
The result in the Perkins case was based upon the premise that one of the most significant purposes of the "no-fault” law "was to assure the prompt and full reimbursement of the 'economic’ losses those injured in automobile accidents may suffer”. (Perkins v Merchants Mut. Ins. Co., supra, p 396.) However, another apparent legislative design was to allow the ultimate financial burden incident to injury of others to fall upon those whose negligence had caused the loss. (See Insurance Law, §§ 673, 674.) A holding that defendant Cronk was a "non-covered person” within the meaning of section 673 of the Insurance Law is compatible with that design and the rationale of the Perkins case.
Also, as stated above, to hold otherwise, that Cronk is a "covered person” as a defendant because he is eligible to receive first-party benefits, would apply equally well to section 674 of the Insurance Law as it would to section 673. But such an interpretation would require reimbursement of first-party benefits by the insurance carrier for the motorcycle regardless of its policy limitations as provided by subdivision 3 of section 674. The Court of Appeals has twice indicated that this was not the intent of the Legislature. (See, Perkins v Merchants Mut. Ins. Co., supra, p 397; Montgomery v Daniels, supra, p 62.)
Plaintiff, who was a passenger on the motorcycle, was a *182 "covered person” as a claimant. He could not recover a judgment for "basic economic loss” against defendant Lord because she was a "covered person” who provided benefits. (Insurance Law, § 673, subd 1.) But as against defendant Cronk, who was a "non-covered person” because he was a member of the group which did not provide benefits, plaintiff can recover under the common-law rules and the insurance carrier which paid the first-party benefits to plaintiff is entitled to its statutory lien. (Insurance Law, § 673, subd 2.)
The problem now is to determine the precise amount of the separate judgment to be entered against defendant Cronk. Were it not for the "no-fault” law defendant Lord, as between defendants, would have been responsible for 60% of the entire jury verdict including the amount of $17,625. Likewise, defendant Cronk would have been responsible for only 40%. (CPLR 1402; Dole v Dow Chem. Co., 30 NY2d 143.)
There is no reason why defendant Cronk should be in any worse position nor why defendant Lord and her insurance carrier should be in any better position where, as here, the payment of the statutory substitute for such damages is required by law rather than by a judgment. That is, although defendant Lord, through her carrier, is required to pay 100% of plaintiff’s first-party benefits, the "contribution” of defendant Cronk should be limited to the proportionate share of the loss attributable to his negligence. (Cf. Dole v Dow Chem. Co., supra.)
Likewise, plaintiff should not be entitled to a judgment for moneys which he has already been paid and the Legislature, by enacting subdivision 2 of section 673 of the Insurance Law, did not intend that plaintiff should receive such a double recovery. The statutory lien provided by that subdivision is a device by which insurance carrier is reimbursed for losses, caused by persons other than its insured, which that carrier had paid in the form of first-party benefits. This statutory "lien” was apparently designed to eliminate the need for a duplicative lawsuit between the carrier and the "non-covered person” as the balance of subdivision 2 of section 673 itself suggests.*
It is clear that the Legislature did not intend that defendant *183 Lord’s insurance carrier should be reimbursed for any first-party payments which resulted from her negligence. (See Insurance Law, § 674, subd 1.) Also, plaintiff may not recover a judgment for other than "noneconomic” loss against defendant Lord. (Insurance Law, § 673 subd 1.) Therefore the separate judgment against defendant Cronk must be limited to the actual damages which the jury found should be apportioned to him, i.e., 40% of $17,625 or $7,050.
The amount of the lien of defendant Lord’s carrier may properly be fixed by motion in this action, but, of course, it will be necessarily limited to the amount of the separate judgment against Cronk.
Therefore, judgment may be submitted as follows:
(a) In favor of plaintiff Raymond E. Cole, Jr. for $75,000, jointly against defendants Nancy L. Lord and John G. Cronk; and
(b) in favor of plaintiff Raymond E. Cole, Jr. for $7,050 and against defendant John G. Cronk; and
(c) in favor of plaintiff Alyce B. Cole for $2,500 jointly against defendants Nancy L. Lord and John G. Cronk.

 That is, the Legislature has given such a carrier a cause of action against such a "non-covered person” where the injured person does not commence an action against the "non-covered person” within two years after accrual. (Insurance Law, § 673, subd 2.)