OPINION OF THE COURT
Charles B. Swartwood, J.
These are motions addressed to the verdicts in favor of the *48 plaintiffs following a trial. Liability was conceded by the defendants and the trial was limited to the issue of damages.
However, there are several issues as to how the limitations under subdivision 1 of section 673 and subdivision 1 of section 671 of the Insurance Law on recovery of “basic economic loss” are to be applied to the verdicts. All parties were “covered persons” under the “no-fault” insurance law so that the plaintiffs were not entitled to recover for “basic economic loss” suffered by the plaintiff Leon Barnhart who was seriously injured in the first accident on March 2,1977. It was agreed that Mr. Barnhart sustained a “serious injury” under subdivision 4 of section 671 of the Insurance Law as it then read.
It was further agreed that the plaintiff could prove his lost earnings during the first three years following the first accident and his medical expenses and that the court would make any necessary deductions from the verdicts to account for the “basic economic loss” limitations. It was conceded that the injured plaintiff was paid or is to be paid maximum first-party benefits of $1,000 a month for some 26 and a fraction months of lost earnings during the first three years and, also for medical bills of $7,643.30 under subdivisions 1 and 2 of section 671 and section 672 of the Insurance Law.
Matters were complicated by reason of the fact that while Mr. Barnhart was still being treated for the injuries suffered in the first accident but having returned to work he had a second accident on February 20, 1978 when the tractor trailer he was operating had a blowout in a front tire and in the course of controlling his vehicle he reinjured the same previously injured parts of his neck, shoulder, arm and back. The plaintiff claimed these injuries came about merely as a result of his earlier injuries and weakened condition while the defendants argued that these were new independent injuries for which they should not be held responsible and for which defendants claim plaintiff would be entitled to further first-party benefits.
In view of these questions the jury was required to make special findings of fact. They were asked to answer specifically whether the injuries suffered in the “blow-out” incident of February 20, 1978 were consequential injuries *49 related to the earlier accident of March 2,1977 or were new independent injuries or were a combination of both. The jury answered that the injuries sustained in the “blow-out” incident were due solely to the earlier accident and came about as a consequence of Mr. Barnhart’s weakened condition.
They were also asked to set forth the earnings lost during the several periods when Mr. Barnhart lost wages during the first three years following the first accident and also for an additional period from March 2, 1980 to February 19, 1981 which latter date would be three years after the “blowout” incident of February 20, 1978. Their verdicts for lost wages for three years after the first accident totaled $73,161 and for the additional period from March 2,1980 to February 19, 1981 was $24,800.
The jury also returned a verdict for general damages (“non-economic loss”) under subdivision 3 of section 671 of the Insurance Law, and for future lost wages after February 19, 1981 of $69,579 and also a verdict of $10,000 to Mrs. Barnhart for loss of consortium.
The plaintiff’s motion to set aside the verdicts as inadequate was denied as were the defendants’ motions to set aside the verdicts as being against the weight of the evidence and as being excessive.
The parties agree as we do that the limitation on recovery of lost wages apply only to those wages lost during the first three years following an accident. However, the defendants claim in this case that there are two time periods — one following the first accident and the other following the “blow-out” incident of February 20,1978 so that a deduction for “basic economic loss” must be not only for the first three-year period ending March 1, 1980 but also during the additional period from March 2,1980 to February 19,1981 which would be three years after the “blow-out” incident.
The jury having determined that the injuries sustained in the “blow-out” incident on February 20,1978 were entirely consequential to the first accident and that there were no new injuries as a result of that incident there would be no separate personal injuries arising out of negligence in the *50 use or operation of a motor vehicle under subdivision 1 of section 673 of the Insurance Law due to the “blow-out”. Further, the plaintiff Leon Barnhart, who has not made a claim for first-party benefits based on the “blow-out” incident of February 20, 1978, having claimed in this action that all his injuries were related solely to the first accident and having received a favorable jury verdict on that issue should be precluded from making a new claim for first-party benefits as a result of that “blow-out” incident. (Cf. Matter of Levine v Zurich Amer. Ins. Co., 71 AD2d 1003.) Where, as here, the plaintiffs had a full opportunity to litigate that precise issue and it has been finally decided in their favor, it would appear that they would be precluded in another proceeding from taking an opposite stance even though the first-party carrier may not have been a direct party to this action though its counsel was allowed to be heard on this argument. (Cf. Israel v Wood Dolson Co., 1 NY2d 116; Schwartz v Public Administrator of County of Bronx, 24 NY2d 65.) We should note in passing that we were informed on the postverdict arguments that the Workers’ Compensation Board closed the file it had opened on the incident of February 20, 1978, canceled its finding of accident, notice and causal relationship and combined that file with the earlier file involving the first accident.
Therefore, we conclude that since Mr. Barnhart’s injuries suffered in the “blow-out” incident were due to the earlier accident and there were no new injuries as a result, that no deduction for basic economic wage loss should be made for any period after the three years following the first accident so that Leon Barnhart is entitled to recover his lost wages found by the jury for the period from March 2,1980 to February 19, 1981 of $24,800 undiminished.
That brings us to the issue of what deductions should be made from the $73,161 wage loss found by the jury for the three-year period following the original accident.
The plaintiffs argue that while the plaintiff Leon Barn-hart is not entitled to recover “basic economic loss” by the terms of subdivision 1 of section 673 of the Insurance Law that “basic economic loss” should be measured at the rate of $1,000 per month for lost wages and not by the over-all *51 maximum of $50,000. They argue that “[T]o reduce the verdict by $50,000 would be to reduce the verdict for an amount in excess of what the claimant could of ever recovered for loss of earnings from no-fault benefits. The maximum he could of ever recovered would have been $36,000.” They substantiate their argument that only the approximately $26,000 first-party wage reimbursement payable under section 671 (subd 1, par [b]; subd 2, par [a]) of the Insurance Law to which the plaintiff was entitled should be deducted from the verdict for wages lost in the first three years by quoting from an informal opinion of counsel for the New York State Insurance Department and an article in volume 37 of the Albany Law Review at page 686. They also rely on language in Matter of Granger v Urda (44 NY2d 91) where the Court of Appeals stated that the trial court properly deducted from the verdict the actual and prospective lost wages for three years after the accident. However, the court in Granger simply deducted all wages lost from the verdict within the first three years because they did not exceed “basic economic” earnings as defined in the statute. That case is not helpful in resolving the issue here.
The plaintiffs also argue that in any event the medical expenses of the plaintiff Leon Barnhart to date in the amount of $7,643.30 must be taken into account in calculating plaintiff’s loss to date or in the alternative in reducing the $50,000 maximum benefit under “basic economic loss” before deducting it from the verdict.
The defendants take the position that the plaintiffs may recover their economic loss but only in excess of the “basic economic loss” which is a flat $50,000 made up of wages lost in excess of $1,250 a month for the first three years and medical expenses. They state that “the Insurance Law creates a pool of $50,000 out of which lost earnings and medical expenses are drawn” and that the pool may not be reduced for medical expenses already paid. They cite Robinson v Sparta Taxi (80 Misc 2d 525), Matter of Adams (Government Employees Ins. Co.) (52 AD2d 118), State Farm Mut. Auto Ins. Co. v Coppersmith (97 Misc 2d 37) and Scott v Orange County Dept, of Health (89 Misc 2d 853) in support of their argument.
*52 Surprisingly, there seems to be a dearth of published cases on this subject but Robinson v Sparta Taxi (supra) is closest in point and holds that there can be no recovery for “basic economic loss” up to a total of $50,000. We agree with that holding to this extent. (See 1 NY PJI 2d 2:75 [Grim Supp], p 61.)
Subdivision 1 of section 673 provides that there will be no recovery for “basic economic loss” in any personal injury action by one “covered person” against another. Subdivision 1 of section 671 clearly states that “ ‘basic economic loss’ means, up to fifty thousand dollars per person:” for (a) all reasonable and necessary expenses for medical, etc., treatment unlimited as to time provided that within one year after the accident it is ascertainable that further such expenses will be incurred and for (b) loss of earnings up to $1,000 a month for not more than three years and for (c) all other reasonable and necessary expenses up to $25 a day for one year from the date of the accident. This language clearly requires that the “basic economic loss” made up of those three items must exceed $50,000 before there can be any recovery for medical expenses, lost earnings during the first three years, or other expenses during the first year. There is a further limitation that before there can be any recovery for lost earnings within the first three years the earnings so lost must exceed $1,000 a month.
The defendants contend that the loss must also exceed $1,250 a month 80% of which would equal $1,000. They rely on Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451) wherein the Court of Appeals held that a covered person can collect 80% of his lost earnings up to a maximum of $1,000 a month for three years in first-party benefits. In other words, first-party benefits for lost wages have to be reduced by 20% but cannot exceed $1,000. That means to get the maximum first-party wage benefit a covered person would have to lose at least $1,250 a month in earnings. However, this 20% reduction is found under the definition of “First party benefits” under section 671 (subd 2, par [a]) and does not affect definition of “basic economic loss” under subdivision 1 of section 671 as far as a recovery for personal injury is concerned under subdivision 1 of section 673. This contrast is pointed out in Kurcsics (supra, at p 456). However, in this *53 case even if the limitation were that wages had to exceed $1,250 a month before there could be a recovery during the first three years, it would make no difference since the wages lost exceeded that amount each month and that limitation (26 months x $1,250 = $32,500) would still be less than the $50,000 exclusion even if reduced by medical expenses.
The plaintiff argues that this interpretation is unfair and does not represent the intent of the Legislature because first-party benefits for lost wages could never exceed $36,000 at the rate of $1,000 a month for three years and therefore would not approach the $50,000 maximum. As the defendants correctly note this argument overlooks the fact that though the maximum first-party allowance for wages may not exceed $36,000 the right to recover first-party medical expenses is not so limited. If, as in this case, need for further medical treatment becomes apparent within one year the injured party can continue to recover first-party medical expenses indefinitely subject to the over-all limit of $50,000 for all first-party benefits. Therefore here the plaintiff will continue to be able to collect his medical expenses until he exhausts the $50,000 maximum for first-party benefits.
The last question is whether the medical expenses incurred to date of $7,643.30 should be taken into account in determining the amount to be deducted from the $50,000 maximum. Put another way, should plaintiff’s lost earnings for the first three years and medical expenses be added together before the deduction of $50,000 is made? As we have interpreted these* statutes we believe they should be combined and then the deduction made. In this case Mr. Barnhart’s total loss of earnings for the first three years was $73,161 and his medical expenses amount to $7,643.30 for a total of $80,804.30 from which the $50,000 for basic economic loss must be deducted leaving a difference of $30,804.30 which Mr. Barnhart is entitled to recover for wage loss sustained and medical expenses incurred in excess of the “basic economic loss”. Of course, one could arrive at the same result by fu>t reducing the $50,000 basic economic loss by the amount of the medical expenses and *54 deduct the remainder from the lost earnings. (See example at 1 NY PJI 2d 2:290 [Grim Supp], p 184.)
We conclude that based on the verdicts plaintiff Leon Barnhart is entitled to judgment against the defendants for the $30,804.30 loss in excess of basic economic loss during the first three years following the accident, the $24,800 for loss of earnings from March 2, 1980 to February 19, 1981 and the $69,579 for future loss of earnings and pain, suffering and disability for a total amount of $125,183.30 and that plaintiff Nora Barnhart is entitled to a judgment against the defendants of $10,000 for loss of her husband’s services and society.