OPINION OF THE COURT
Robert A. Harlem, J.
This action arises out of an automobile accident which occurred when a vehicle operated by the plaintiff was in collision with another automobile owned and operated by Marvin L. Northrup. The accident happened at the intersection of a county road and a town road. The jury returned a verdict in favor of the plaintiff in the gross sums of $52,500 for noneconomic loss and $22,500 for economic loss (medical expenses). The jury attributed 30% of the negligence to the plaintiff, thus reducing these awards to $36,750 and $15,750, respectively. As among the defendants the jury found that Marvin L. Northrup was 65% negligent, the County of Delaware 30% and the Town of Franklin 5%. Merely for the purpose of determining the amount of contribution to be made among the defendants, *421 damages were apportioned as follows: Marvin L. Northrup $23,887.50, Delaware County $24,525, and Town of Franklin $4,087.50. The amount apportioned to Marvin L. Northrup represents 65% of $36,750, the amount of the non-economic loss verdict. No part of the economic loss verdict was chargeable to Marvin L. Northrup because he is a covered defendant as that term is used in subdivision 10 of section 671 of the Insurance Law. Subdivision 1 of section 673 of the Insurance Law does not permit a recovery for economic loss in an action by one covered person against another covered person.
Inasmuch as the two municipalities were noncovered persons for the purposes of this lawsuit, evidence concerning economic loss was permitted, thus resulting in the verdict for medical expenses. The net verdict for these expenses, after deducting the percentage of negligence attributable to the plaintiff, was divided between the two municipalities; that is, 6A (3%5) to the County of Delaware and V? (5/3s) to the Town of Franklin.
The defendant municipalities now move to limit the amount of the verdict against them as it relates to economic loss to 35% of the recovery for medical expenses; that is, 35% of $15,750 or $5,512. They contend that their liability for the payment of medical expenses should be no greater than their liability for the payment of the award for noneconomic loss. Reliance is placed upon Cole v Lord (91 Misc 2d 178).
Initially it should be observed that the facts in this case differ substantially from those presented in that cited by the movants. In the Cole case (supra) the plaintiff was a passenger on a motorcycle and was paid no-fault benefits by the insurer of the automobile which collided with the motorcycle. The court concluded in that case that the noncovered operator of the motorcycle was liable for the payment of a share of the award for economic loss limited to the percentage of negligence attributed to that defendant. The no-fault benefits were paid by the codefendant. The court in Cole felt that there would be some type of unjust enrichment if the carrier of the operator of the motorcycle were required to pay to the carrier for the codefendant all of the economic loss, since then the carrier *422 for the operator of the motorcycle would be paying a disproportionate share of the award when measured against the respective degrees of culpability attributed to each of the defendants. In the case at bar, no-fault benefits would have been payable by the carrier which provided coverage for the automobile operated by the plaintiff. The culpability of that plaintiff has already been measured, and the award for economic loss has already been reduced by the percentage of fault charged to her. Having used this approach, there would be no similar enrichment which concerned the court in the Cole decision.
There is a second difference in the facts between the case at bar apd that upon which the defense relies. The plaintiff in the instant action did not receive no-fault benefits, but her medical bills were paid by Medicare. The collateral source rule in the State of New York does not permit defendants to mitigate damages by applying payments received by an injured party from sources to which the defendants did not contribute. Put in another way, a defendant cannot gain the benefit of the resourcefulness of another party when that party secures payment for incidents of damage for which the defendant might otherwise be liable (Healy v Rennert, 9 NY2d 202; Szybura v City of Elmira, 28 AD2d 1154). There appear to be no reported cases in the State of New York involving the payment of medical bills under Medicare, but the rationale for denying to defendants the availability of collateral source funds to reduce the amount of their liability would seem to apply with equal force to this source of payment. Social Security benefits paid to a surviving wife and children are generally not available for use to reduce the amount of damages in a wrongful death action (see Ann., 84 ALR2d 764).
It has long been the law in the State of New York that as between joint tort-feasors, the plaintiff may seek satisfaction of a judgment in whatever proportion the resources of the joint tort-feasor would practically permit without limitation as to the percentage of fault ascribed to any of the defendants (see Kelly v Long Is. Light. Co., 31 NY2d 25). The fact that the jury was asked to attribute a percentage of fault to each defendant was not intended to define, limit or spell out their respective liabilities to the plaintiff, but *423 was intended to obtain some expression of the respective liabilities which each defendant would have to the other on the issue of indemnification.
While article 18 of the Insurance Law (no-fault) forecloses the right of a plaintiff to obtain a recovery against a covered defendant for economic loss, there is nothing in the statute which would diminish the rights of the plaintiff as against a noncovered defendant. Subdivision 2 of section 673 of the Insurance Law gives the carrier who provides first-party benefits a lien upon the proceeds of any recovery by the injured person against a noncovered defendant (see, also, 11 NYCRR 65.12). It is significant that neither the statute nor the regulation limits the amount of the lien to the percentage of fault attributed to the noncovered defendant. As a matter of fact, it has been said that the purpose of the lien is to prevent a double recovery by the plaintiff (Matter of Adams [Government Employees Ins Co.], 52 AD2d 118).
If the result in actions such as these is productive of some degree of unfairness or if the result imposes a quantitatively greater loss upon one defendant which is not proportionate with the percentage of culpability attributed, it would seem that the unfairness or injustice should be addressed by the Legislature, since it has been produced by the wording of the statute itself.
The motion by the attorneys for the municipal defendants is denied without costs.
The cross motion by counsel for the plaintiff to require the covered defendant to pay a proportionate share of the medical bills is also denied without costs.