OPINION OF THE COURT
Eli Wager, J.
Motion by plaintiff for summary judgment and the cross motion by defendant Gennett for . similar relief are denied.
The issue posed on this motion is whether the plaintiff insurer of a person who is injured while riding as a passenger in an uninsured motor vehicle is entitled to summary judgment on the issue of the liability of the owner of the uninsured vehicle for payments for medical expenses made to the insured by the plaintiff. The insured in this case has not brought an action on her own behalf and the action against the owner of the second vehicle involved in the accident has been dismissed upon the defendant’s unopposed motion in which he argued that because he was a “covered” person he could not be sued for basic economic loss. It appears that plaintiff seeks summary judgment only against the owner of the uninsured vehicle and not against the driver.
The plaintiff liability carrier characterizes the $21,105.83 payments it made to its insured as “first party benefits” and *1018 contends that it is entitled to recover those payments from the uninsured owner of the vehicle pursuant to Insurance Law § 673 (2) (renum § 5104 [b] by L 1984, ch 367). The section grants an insurer who has paid “first party benefits” a lien on any recovery obtained in an action “by or on behalf of a covered person, against a noncovered person” and provides that the failure of a covered person to commence such an action within two years after an accident “shall operate to give the insurer a cause of action for the amount of first party benefits paid or payable against any person who may be liable to the covered person for [his] personal injuries”.
Since plaintiff’s insured is a “covered” person (Insurance Law § 671 [10], renum § 5102 [j] by L 1984, ch 367) and the defendant uninsured owner is a noncovered person (Insurance Law § 671 [9], renum § 5102 [i] by L 1984, ch 367), plaintiff’s insured had the right to bring an action against the latter. However, such a cause of action is a common-law tort action undiminished by the provisions of the No-Fault Law (Matter of Dean v Nationwide Mut. Ins. Co., 75 AD2d 984; see, Montgomery v Daniels, 38 NY2d 41). When an insured brings such an action against more than one tort-feasor, an uncovered person is liable only for the proportionate share of the loss attributable to his negligence (Cole v Lord, 91 Misc 2d 178). With respect to an insurer’s cause of action in the event the insured does not sue, the statute provides for recovery of first-party benefits against an uncovered person “who 'may be liable to the covered person for his personal injuries” (Insurance Law § 673 [2]; emphasis supplied), thus suggesting that the insurer, like its insured, must prove the negligence of the noncovered person and the proportionate share of the loss attributable to his negligence. Although it has been said that the insurer’s cause of action is not derivative and is independent for Statute of Limitations purposes (Safeco Ins. Co. v Jamaica Water Supply Co., 83 AD2d 427, affd 57 NY2d 994), research reveals no authority for holding a noncovered person strictly liable to an insurer for first-party benefits without regard to fault.
Since the plaintiff insurer here has offered no proof at all that the driver was negligent (thus imposing vicarious liability upon the uninsured owner) or that his negligence was the cause of its insured’s injuries, the conclusion is impelled that summary judgment on the issue of liability is not warranted.