**Berrill G. GOODKIN and Phyllis Goodkin, Plaintiffs,**

v.

**UNITED STATES of America, the State of New York, the City of New York, William G. Reichert, John O'Connor, Jules Aaron and Carol Aaron, Defendants.**

**UNITED STATES of America, Defendant & Third-Party Plaintiff,**

v.

**STATE OF NEW YORK, Third-Party Defendant.**

**No. 79 C–0136.**

United States District Court, E.D. New York.

Jan. 18, 1985.

Fuchsberg & Fuchsberg, by Edwin Weidman, New York City, for plaintiffs.

Raymond J. Dearie, U.S. Atty., by Patrick B. Northup, Asst. U.S. Atty., Brooklyn, N.Y., for defendant U.S.

Robert Abrams, Atty. Gen. of N.Y., New York City, for defendant State of N.Y.

Frederick A.O. Schwarz, Jr., Corp. Counsel, by Marie Ng, New York City, for defendant City of N.Y.

Dwyer, Peltz & Walker, New York City, for defendants Jules & Carol Aaron.

WEXLER, District Judge.

## I. PRIOR PROCEEDINGS

This is an automobile accident case. Plaintiffs, who rode in one vehicle, collided with a vehicle owned by defendant USA and operated by its agent. Plaintiffs and defendant USA are "covered persons" within the meaning of New York's Comprehensive Motor Vehicle Insurance Reparations Act (popularly called the "no-fault" law), N.Y. Insurance Law §§ 5101–5108 (formerly §§ 670–678). *See* § 5102(j) (for-

merly § 671(10)). Plaintiffs contend that defendant City of New York ("NYC") was negligent in its maintenance of the highway. Defendant NYC is not a "covered person".

The facts of plaintiff's case against defendant NYC were tried by jury. Following a trial on liability, the jury returned a special verdict, finding that the relative culpability of the defendants was 30% for the USA and 70% for NYC. Following a trial on damages, the jury returned a special verdict, finding that plaintiff Berrill Goodkin sustained $425,000 damages and that plaintiff Phyllis Goodkin sustained $75,000 damages.

## II. PRELIMINARY FINDINGS OF FACT BY THE COURT

With respect to plaintiffs' claim against defendant USA and with respect to the defendants' cross claims for contribution, the Court, without regarding itself as being bound by the jury verdicts, makes the following findings of fact:

1. Plaintiffs sustained injury due to the negligence of defendant NYC and of the agent of defendant USA.

2. The relative culpability of the defendants is 30% for the USA and 70% for NYC.

3. Plaintiff Berrill Goodkin sustained $425,000 damages.

4. Plaintiff Phyllis Goodkin sustained $75,000 damages.

## III. LEGAL CONSEQUENCES OF FINDING OF SPECIAL DAMAGES

Insurance Law § 5104(a) (formerly § 673(1)) provides in part: "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for ... basic economic loss."

Insurance Law § 5102(a) (formerly § 671(1)) provides in part:

(a) "Basic economis loss" means, up to fifty thousand dollars per person of the following combined items, subject to the limitations of section five thousand one hundred eight of this article:

(1) All necessary expenses incurred for: (i) medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services: (ii) psychiatric, physical and occupational therapy and rehabilitation: (iii) any non-medical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of this state: and (iv) any other professional health services: all without limitation as to time, provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury. For the purpose of determining basic economic loss, the expenses incurred under this paragraph shall be in accordance with the limitations of section five thousand one hundred eight of this article.

(2) Loss of earnings from work which the person would have performed had he not been injured, and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he would have performed for income, up to one thousand dollars per month for not more than three years from the date of the accident causing the injury. An employee who is entitled to receive monetary payments, pursuant to statute or contract with the employer, or who receives voluntary monetary benefits paid for by the employer, by reason of the employee's inability to work because of personal injury arising out of the use or operation of a motor vehicle, is not entitled to receive first party benefits for "loss of earnings from work" to the extent that such monetary payments or benefits from the employer do not result in the employee suffering a reduction in income or a reduction in the employee's level of future benefits arising from a subsequent illness or injury.

(3) All other reasonable and necessary expenses incurred, up to twenty-five dollars per day for not more than one year from the date of the accident causing injury.

Under C.P.L.R. § 1401, "two or more persons who are subject to liability for damages for the same personal injury ... may claim contribution among them ..."

Under C.P.L.R. § 1402, "[t]he amount of contribution to which a person is entitled shall be the excess paid by him over and above his equitable share of the judgment recovered by the injured party; but no person shall be required to contribute an amount greater than his equitable share. The equitable shares shall be determined in accordance with the relative culpability of each person liable for contribution."

Under C.P.L.R. § 1404(a), contribution has no effect upon the rights of a plaintiff.

From the foregoing it is clear that plaintiffs have a theoretical right to recover up to the full amount of their damages from NYC. It is also clear that plaintiffs have a theoretical right to recover up to the full amount of their damages less the portion of the damages constituting "basic economic loss" from the USA. Of course, plaintiffs' total recovery cannot exceed the full amount of their damages. Consequently, plaintiffs will recover the full amount of their damages, irrespective of the amount of basic economic loss.

■ In practical terms, the amount which each defendant will actually pay is dependent upon application of the "no-fault" law and the law of contribution. The question therefore arises: what effect, if any, would a factual finding regarding the amount of basic economic loss have upon the distribution of the burden of payment between NYC and the USA?

The answer to the question is fairly clear. Since under Insurance Law § 5104(a) (formerly § 673(1)) plaintiffs cannot recover basic economic loss from a covered person such as the USA, the non-covered defendant NYC must pay 100% of the basic economic loss. Since plaintiffs have a right to recover damages *other* than basic economic loss from both defendants, both defendants are "subject to liability" for such damages within the meaning of C.P.L.R. § 1401, and contribution will result in NYC paying 70% and the USA paying 30% of such damages, pursuant to C.P. L.R. § 1402. This reasoning was adopted in *Seward v. Northrup*, 123 Misc.2d 420, 473 N.Y.S.2d 754 (Sup.Ct.1984).

It should be noted that there is one case in which a somewhat different reasoning was adopted, *Cole v. Lord*, 91 Misc.2d 178, 397 N.Y.S.2d 537 (Sup.Ct.1977). In that case, plaintiff Cole, a motorcycle passenger, sued Cronk, the motorcycle operator, and Lord, an automobile driver. The jury found that plaintiff sustained $75,000 non-economic loss and $17,625 economic loss, and that the relative culpability was 60% for Lord and 40% for Cronk. Plaintiff collected "no-fault" benefits from Lord's insurer. Plaintiff and Lord were covered persons. The court held that Cronk was not a "covered person" within the meaning of Insurance Law § 673(1) (which has since been amended and recodified as § 5104(a)) as it then stood and so was not immune from suit for basic economic loss. Lord's insurer desired that the Court hold Cronk solely liable for 100% of the economic loss. Lord's insurer knew that under Insurance Law § 673(2) (now § 5104(b)) in an action by a covered person against a non-covered person, "an insurer which paid or is liable for first party benefits ... shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person." The court thought that it would be inequitable to make Cronk pay 100% of the economic loss and to give Lord's insurer a lien upon such recovery, since Lord bore 60% of the fault. The court ordered that Lord and Cronk be jointly liable for the non-economic loss, that Cronk be solely liable for 40% of the economic loss, and that neither defendant be liable for the remaining 60% of the economic loss.

We disagree with the *Cole* decision. C.P. L.R. § 1404(a) clearly provides that the apportionment of fault between two liable defendants has no effect upon plaintiff's right of recovery. Consequently, we believe that the court erred in limiting plaintiff's right of recovery against Cronk. Insurance Law § 5104(b) (formerly § 673(2)) clearly provides for the shifting of loss from an insurer to a liable non-covered defendant. Consequently, we believe that

the court erred in restricting the insurer's attempt to shift its losses to Cronk.

The facts in the instant case and in *Seward* differ somewhat from those in *Cole*. In *Cole*, first-party benefits were payed to plaintiff by the insurer of a negligent covered defendant. The court sought to avoid what it considered the unjust result of the insurer being completely reimbursed for payments arising from the negligence of its insured. While we disagree with the court's position, we do see some arguments in its favor. The obligation of the insurer to pay first-party benefits, while not constituting liability on the part of the insured, is in some respects analogous to liability on the part of the insured. Thus, it could be argued that the insured negligent covered defendant was "subject to liability for damages" for economic loss along with the non-covered defendant for the purposes of C.P.L.R. § 1401, and that the non-covered defendant therefore had a right under C.P.L.R. § 1402 to demand that the covered defendant's insurer bear part of such loss. In the instant case and *Seward*, by contrast, plaintiffs' *own* insurer paid first-party benefits, so that the covered defendant cannot in any sense be said to be "subject to liability for damages" for basic economic loss. Further, in the instant case there is no insurer claiming complete reimbursement for payments for basic economic loss caused by its insured's negligence.

Since *Seward* is more recent than *Cole*, since in our opinion *Seward* is the better reasoned of the two, and since the facts in the instant case are closer to those in *Seward* than those in *Cole*, we will apply the *Seward* rule.

### IV.  DEFINITION OF BASIC ECONOMIC LOSS

Plaintiffs and defendant NYC argue that basic economic loss should be defined as the amount plaintiffs received from their insurer. It should be noted that although no evidence of such insurance payments was introduced at trial, plaintiff has now submitted records of payments of $18,567.15 to Berrill Goodkin and $3,472.67 to Phyllis Goodkin, for a total of $22,039.82. Defendant USA argues that the amount of insurance payments is irrelevant to a determination of basic economic loss, and that the amount of basic economic loss herein is much greater than the payments made by plaintiffs' insurer.

We see no basis for plaintiffs' and defendant NYC's position. "Basic economic loss" is fairly clearly defined in Insurance Law § 5102(a) (formerly § 671(1)). Nothing in the definition remotely suggests that the amount of basic economic loss is in any way dependent upon amounts payed by an insurer. Basic economic loss consists of certain expenses and losses incurred or sustained by an injured person, regardless of whether such expenses and losses have been or will be compensated by an insurer. The amount of past and expected future basic economic loss is for purposes of Insurance Law § 5104(a) (formerly § 673(1)) a question to be determined by the trier of fact on the basis of the evidence, and is in no way dependent upon the amount of payments by an insurer. Of course, the lien of plaintiffs' insurer is limited to amounts paid or payable by it to plaintiffs, Insurance Law § 5104(b) (formerly § 673(2)), but this fact has no bearing upon the definition of basic economic loss, the rights of plaintiffs against defendants, or the rights of defendants against each other.

Plaintiffs and defendant NYC protest that, in a suit (unlike the instant suit) in which all defendants are covered persons, a finding that basic economic loss exceeds payments by plaintiff's insurer would result in plaintiff not recovering the full amount of his damages from his insurer and the defendants. There are a number of answers to this argument.

First, the no-fault law simply does not provide that plaintiffs in general recover the full amount of their damages. Insurance Law § 5102(b) (formerly § 671(2)) provides that an insurer need not pay no-fault first party benefits for the full amount of basic economic loss, but may make certain deductions.[1] Insurance Law

---

**1.** The deductions include not only certain collateral sources (such as social security disability

**1464**

§ 5104(a) (formerly § 673(1)), however, provides that a covered defendant is not liable for *any* portion of the basic economic loss of a covered plaintiff. Consequently, the no-fault law contemplates that when all defendants are covered, a covered plaintiff will not recover the full amount of his basic economic loss. Incidentally, the fact that an insurer must make deductions from basic economic loss in order to determine the amount of first party benefits proves conclusively that (1) "basic economic loss" and payments by an insurer are two different things, and (2) so far from basic economic loss being dependent upon amounts paid by an insurer, the amount paid by an insurer is dependent upon basic economic loss.

■ Second, the no-fault law permits inconsistent determinations regarding the amount of basic economic loss. A potential plaintiff who desires to obtain a determination of the amount of his basic economic loss binding upon his insurer for the purpose of assessing first party benefits under Insurance Law § 5102(b) (formerly § 671(2)) (which, it will be recalled, equal basic economic loss less certain deductions) can employ a number of methods: (1) settlement with the insurer; (2) arbitration with the insurer pursuant to Insurance Law § 5106(b) (formerly § 675(2)); (3) a separate lawsuit against the insurer; (4) an action against the insurer joined in a single lawsuit with plaintiff's negligence actions against others. If any of the first three methods are used, plaintiff runs the risk that the figure for basic economic loss

binding upon the insurer will be less than the figure for basic economic loss determined in plaintiff's negligence action. There is nothing unjust in this procedure. To say that the result is an inadequate recovery by plaintiff is to arbitrarily presuppose that the total amount of damages determined in the negligence action (including both basic economic loss and other damages) is the "true" total amount of damages. In reality, it is just as likely that the amount of basic economic loss assessed outside of the negligence action is the "true" amount of basic economic loss and that the "true" total amount of damages is the sum of the basic economic loss assessed outside of the negligence action and the "other damages" assessed in the negligence action. What plaintiffs and defendant NYC are effectively suggesting is that a court should make its own determination based on evidence presented at trial of the total amount of damages (including basic economic loss), but that the court should *then* proceed to treat as basic economic loss *not* the amount of basic economic loss which the court itself finds but *rather* the amount of basic economic loss assessed outside of the negligence action by a procedure which the covered defendant(s) did not participate in, and that the court should treat the remainder of the total damages as "other damages". *This* procedure would be the height of injustice. The plaintiff would be permitted to present evidence at trial of high basic economic loss to bolster

benefits), but also "amounts deductible under the applicable insurance policy", and 20% of lost earnings computed pursuant to Insurance Law § 5102(a)(2) (formerly § 671(1)(b)). In a somewhat surprising opinion (which is nevertheless binding upon this Court), it was held that where lost earnings exceed $1,000 per month, the insurer must pay the lesser of 80% of such lost earnings or $1,000 per month. *Kurcsics v. Merchants Mutual Insurance Co.,* 49 N.Y.2d 451, 403 N.E.2d 159, 426 N.Y.S.2d 454 (1980). The opinion is surprising because Insurance Law § 5102(a)(2) (formerly § 671(1)(b)) appears by its terms to limit lost earnings includable in basic economic loss to $1,000 per month, so that application of the 20% deduction should result in an insurer's payments for lost earnings being limited to $800 per month rather than $1,000 per month. The

opinion in effect provides that the insurer will pay 80% of the first $1,250 per month of lost earnings. Despite the *Kurcsics* opinion, a covered defendant's exemption from liability for lost earnings is limited to $1,000 per month rather than $1,250 per month. *Pascente v. Stoyle,* 116 Misc.2d 641, 456 N.Y.S.2d 633 (City Ct.1982); *Barnhart v. Branch Motor Lines, Inc.,* 107 Misc.2d 47, 433 N.Y.S.2d 370 (Sup.Ct.1980). Although there is some authority for the proposition that a covered defendant cannot be held liable for any portion of loss of earnings sustained during the first three years following an accident unless basic economic loss reaches $50,000, *Barnhart, supra,* we disagree. Lost earnings, to the extent that they exceed $1,000 per month, do not constitute basic economic loss, and may always be recovered from a negligent covered defendant. *Pascente, supra.*

the total damages, but would then be permitted to rely upon a low basic economic loss figure to limit the exemption of the covered defendant(s). The covered defendant would be bound by a procedure which it did not participate in.

Third, it must be borne in mind that an insurer ordinarily makes first party benefit payments for basic economic loss less certain deductions *periodically,* as such loss is sustained. Insurance Law § 5106(a) (formerly § 675(1)). By contrast, a court in a negligence action will ordinarily make a *lump-sum* determination of basic economic loss, representing not only loss *already sustained* but also loss *expected to be sustained.* Hence, the gap between the amount of basic economic loss ascertained by a court (but unrecoverable from a covered defendant) and the amount of money received from an insurer will often be in part illusory, because the insurer will make further payments in the future.

## V. FINDINGS OF FACT BY COURT REGARDING BASIC ECONOMIC LOSS

The Court makes the following additional findings of fact:

1. Plaintiff Berrill Goodkin's damages, previously ascertained by the Court as $425,000, included the following:

a. $13,067 in medical expenses;

b. $36,000 in lost earnings and in payment to an employee hired by plaintiff as a substitute, counting only the first $1,000 per month of losses of these types, and counting only the first three years after the accident (in making this determination, we are cognizant that had the accident not occurred plaintiff's income could have been expected to increase from year to year due to inflation and other factors);

c. $375,933 in damages other than those listed above, including over $14,000 in lost earnings not counted above but occurring within three years of the accident.

2. Plaintiff Phyllis Goodkin's damages, previously ascertained by the court as $75,000, included the following:

a. $3,454 in medical expenses;

b. $19 in other cash expenses, counting only the first year after the accident;

c. $12,000 in expected future medical expenses discounted to present value (in making this determination, we are cognizant that medical costs will increase due to inflation.)

d. $59,527 in damages other than those listed above.

## VI. CONCLUSIONS OF LAW REGARDING AMOUNT OF BASIC ECONOMIC LOSS

Given the foregoing findings of fact, we make the following conclusions of law:

1. Plaintiff Berrill Goodkin's damages of $425,000 included $49,067 "basic economic loss" and $375,933 other damages.

2. Plaintiff Phyllis Goodkin's damages of $75,000 included $15,473 past and expected future basic economic loss, and $59,527 other damages.

## VII. INTEREST

Under 28 U.S.C. § 1961(b) a federal district court's money judgment ordinarily bears interest. However, under 31 U.S.C. § 1304(b)(1)(A), the federal government is liable for such interest "only when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the Comptroller General through the day before the date of the mandate of affirmance". Accordingly, defendant NYC will initially bear sole liability for *all* interest accruing on the judgment. However, if the USA takes an appeal and loses, the USA shall then become jointly liable with defendant NYC for all interest which (1) accrued on a principal for which the defendants were jointly liable, and (2) accrued during the period that interest may accrue against the United States under 31 U.S.C. § 1304(b)(1)(A). For purposes of contribution, such interest shall be deemed to have accrued upon the defendants' respective unpaid balances of their respective equita-

ble shares of such principal as such balances stood on the date of accrual.

## VIII. COSTS

Costs will be awarded under Rule 54(d) and 28 U.S.C. § 2412(a). We will not award attorney fees. For purposes of liability and contribution, costs will be allocated in the same manner as the rest of the principal amount.

## IX. CONCLUSION

The practical effect of the judgment will be as follows:

| | |
|---|---|
| NYC pays: | |
| Husband's basic economic loss | $ 49,067 |
| Wife's basic economic loss | $ 15,473 |
| 70% of husband's remainder (375,933) | $263,153 |
| 70% of wife's remainder (59,527) | $ 41,669 |
| NYC TOTAL | $369,362 |
| USA pays: | |
| 30% of husband's remainder (375,933) | $112,780 |
| 30% of wife's remainder (59,527) | $ 17,858 |
| USA TOTAL | $130,638 |
| GRAND TOTAL: | $500,000 |

## X. ORDER

The Court will prepare a judgment. The Clerk shall insert the appropriate rate of interest in the final paragraph of such judgment, and enter such judgment.

SO ORDERED.