Toomey, J.
Plaintiff Joann Finegan (“Finegan”) filed a complaint seeking a declaration from this court that defendant Preferred Mutual Insurance Company (“Preferred”) is not entitled to assert a lien against the proceeds of Finegan’s proposed settlement with a third-party carrier, Pawtucket Mutual Insurance Company (“Pawtucket”). Now asserting that there are no genuine issues of material fact and that Preferred’s lien is unenforceable as a matter of law, Finegan moves for summary judgment in her favor. Preferred opposes the motion.
For the following reasons, Finegan’s motion is ALLOWED.
BACKGROUND
This action arises from a motor vehicle accident that occurred on or about June 21, 1996, in Wells, Maine. Finegan was a passenger in a vehicle operated by Kathy Marvel of Sprakers, New York. Marvel’s vehicle was insured by Preferred. The parties do not dispute that the accident was caused by Amy McManus (“McManus”) of Nashua, New Hampshire, whose vehicle was insured by Pawtucket.
In accordance with Marvel’s New York no-fault insurance policy, Preferred paid Finegan $50,000 in Personal Injury Protection Benefits (“PIP benefits”) for medical expenses. Finegan subsequently submitted a claim against McManus’ insurer, Pawtucket, which offered to settle the claim for McManus’ policy limit of $100,000. When it learned of the proposed settlement, Preferred attempted to assert a lien against the proceeds Finegan expects to obtain from her settlement with Pawtucket. Through the lien, Preferred seeks to recover the no-fault PIP benefits Preferred paid Finegan for her medical expenses.
McManus is a New Hampshire resident. New Hampshire insurance does not provide PIP benefits.
DISCUSSION
Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The moving party must establish that no such issues exist. At bar, Finegan argues that there are no disputed issues of material fact, and that the question of law for this court is whether Preferred is entitled to a statutoiy lien for the money it paid Finegan for PIP benefits. Preferred responds that Finegan is not entitled to summary judgment in this matter because there are genuine issues of material fact as to whether McManus qualifies as a “covered” person. The parties agree that New York law controls the issue of Preferred’s proposed statutoiy lien.
New York Insurance Law, §5104(b) permits an insurance company that has provided first-party coverage to an injured person to assert a lien on third-party benefits in the case of an action by a “covered” person against a “noncovered” person.[1] Where both parties are “covered,” the insurance company that provided PIP benefits is not entitled to such a lien.
In the matter at bar, there is no dispute that Finegan is a “covered” person within the meaning of the statute. As a passenger in a vehicle insured by Preferred, Finegan was entitled to receive no-fault PIP benefits from Preferred for her medical expenses resulting from the accident.
The issues placed in dispute by the instant motion are whether McManus is a “covered” or “non covered" person and whether this court can make that determination as a matter of law. Preferred argues that, because McManus’ New Hampshire insurance does not provide no-fault PIP benefits, McManus is a “non-covered” person, and Preferred is therefore entitled to a lien under New York law. Finegan responds that, as a matter of law, Preferred’s lien cannot be maintained because McManus was a “covered” person, notwithstanding the fact that her insurance company did not provide McManus with no-fault PIP coverage. This court concludes that Finegan has the better of the argument.
*422 One of the most significant purposes of New York’s no-fault law “was to assure the prompt and full reimbursement” of economic losses suffered by those injured in automobile accidents. Cole v. Lord, 397 N.Y.S.2d 537, 539 (1977). In Cole, the New York Appellate Division held that where an individual insured — a motorcyclist — was a member of a group that was not required to carry no-fault insurance, the insured was a non-covered person, and the insurance company that had paid first-party benefits was entitled to a statutory lien. Id. at 540.
Cole is not dispositive of the question at bar, however, because later cases have held that where an insured has a policy from another state that provides “liability coverage in excess of that required by New York Vehicle and Traffic Law §311 (4),” that person is “covered,” whether or not the policy provides no-fault PIP coverage. Fireman’s Insurance Company v. Claude LeComte et al. 599 N.Y.S. 2d 139 (1993). “The statute defines the term (covered person) as the owner, operator or occupant of a motor vehicle which carries liability insurance” in the minimum amounts, “whether or not coverage extends to no fault.” Percaccio v. Empire Mutual Insurance Company, 445 N.Y.S.2d, 921, 924 (1981). See also Nationwide v. Morigerato, 627 N.Y.S.2d 123 (1995). N.Y. Vehicle and Traffic Law §311(4) requires minimum coverage of $25,000 per person/$50,000 per accident for bodily injury.
McManus’ New Hampshire policy provides a limit of $100,000, which clearly exceeds New York’s minimum requirement. Therefore, McManus is, according to New York Vehicle and Traffic Law §311(4), a “covered” person, and Preferred is not, according to New York Insurance Law §5104(b), entitled to a statutory lien against Finegan’s settlement with Pawtucket.
Additionally, Preferred argues that there is a material question of fact as to whether Pawtucket’s payment is duplicative of Preferred’s payment for Finegan’s medical expenses. That analysis is required, however, only when a statutory lien is in place. In deciding whether to enforce such a lien the court must determine whether the settlement from the third-party carrier is attributable to basic economic loss for which the carrier has already reimbursed the plaintiff. At bar, however, Preferred is not entitled to a statutory lien, and the issue of duplicative payments is thus not presented for this court’s determination.[2]
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment is ALLOWED.

The statute recites in pertinent part: “In any action on or on behalf of a covered person, against a noncovered person, where damages for personal injuries arising out of the use or operation of a motor vehicle or motorcycle may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries has a lien against any recovery to the extent of benefits paid or payable by it to the covered person.”

To the extent the Finegan can recover benefits from Pawtucket that are duplicative of those paid to Finegan by Preferred, Preferred should be able to assert a subrogation right against Pawtucket. “No Fault Recovery Rights: Subrogation, Liens and Intercompany Arbitration," New York State Bar Journal, January 1994, p. 23. See also Aetna Casualty and Surety Co. v. Jackowe, 468 N.Y.S. 153, 158 (1983) (subrogation is the principle which exists to prevent double recovery on the part of the insured and to compel the wrongdoer to bear the ultimate costs).