OPINION OF THE COURT
Harold Hyman, J.
In this declaratory judgment action, plaintiffs move for summary judgment declaring that defendant Empire Mutual Insurance Company may not assert a no-fault lien against the proceeds of any recovery obtained by the plaintiffs in their claim for noneconomic loss and economic loss which exceeds basic economic loss arising out of an out-of-State motor vehicle accident.
On January 28, 1979 (subsequent to the amendment of article 18 of the Insurance Law which applied to accidents occurring on or after December, 1977), plantiffs Percaccio were occupants of a motor vehicle owned by Michael Tru *1066 glio which was involved in a collision in the State of Pennsylvania with a motor vehicle owned by Shirley J. Eck and operated by Douglas Everet Eck. The Truglio vehicle was insured by Hartford Accident and Indemnity Company (hereinafter Hartford) and the Eck vehicle was insured by Prudential Property and Casualty "Insurance Company (hereinafter Prudential). The Hartford policy was written in the State of New York. Both the Percaccios and Truglio are New York residents. The Ecks are Pennsylvania residents and their automobile liability insurance policy was issued in the State of Pennsylvania.
Following the accident Hartford made no-fault payments to the plaintiffs but then discontinued doing so as there was no basic economic loss available under the Hartford policy as to the Percaccios, not being members of the household of Truglio. With the amendment in 1977 of section 672 (subd 1, par [b]) of the Insurance Law (L 1977, ch 892), the statute now clearly provides for payment of first-party benefits to “the named insured and members of his household *** for loss arising out of the use or operation *** outside of this state, of an insured motor vehicle”. The plaintiffs, however, were neither named insureds nor members of the household of Truglio and were therefore not entitled to first-party benefits under the Hartford policy, the accident having occurred outside of this State. Plaintiffs were entitled to and did in fact receive no-fault payments from Empire Mutual Insurance Company (hereinafter Empire) under a policy of automobile liability insurance issued in the State of New York to Louis Percaccio, Sr. This family policy furnished no-fault coverage to the plaintiffs as members of the named insured’s household, and occupants of an insured motor vehicle involved in an accident outside of the State of New York (Insurance Law, §671, subd 8; § 672, subd 1, par [b]). Hartford was reimbursed for the no-fault payments made on Empire’s behalf in error.
Empire seeks to assert a lien against any money recovered by the plaintiffs whether by suit, settlement or otherwise, in connection with their claims against the alleged tort-féasors for noneconomic loss and economic loss which exceeds basic economic loss. Pursuant to subdivision 2 of *1067 section 673 of the Insurance Law, only in an action by or on behalf of a covered person against a noncovered person, when a right of recovery for basic economic benefits continues to exist, does the law grant “an insurer which paid or is liable for first party benefits *** a lien against any recovery to the extent of benefits paid or payable by it to the covered person.”
It is the contention of the plaintiffs that their negligence action is not an action by a covered person against a noncovered person as contemplated within subdivision 2 of section 673 of the Insurance Law, since, as they maintain, the owners of the offending vehicles, Truglio and Ecks, are covered persons by virtue of their respective insurance policies. Defendant Empire argues that the Ecks, owners of the vehicle registered and insured in Pennsylvania, are not “covered persons” within the meaning of the Insurance Law of the State of New York. It is undisputed by Empire that the Percaccios and Truglios are covered persons.
The single issue before this court is whether or not the Ecks are covered persons.
At the outset, it is clear that ho conflict exists between the laws of this State and the State of Pennsylvania. Indeed, Pennsylvania has a statute governing the determination of law controlling the rights of nonresident victims to recover basic economic loss benefits and sue in tort when injured in a motor vehicle accident in the State of Pennsylvania. The statute provides: “(c) Applicable law — (1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs.” (Pa Stats Ann, tit 40, Insurance, § 1009.110, subd [c], par [1].) “(2) The right of a victim or of a survivor of a deceased victim to sue in tort shall be determined by the law of the state of domicile of such victim.” (Pa Stats Ann, tit 40, Insurance, § 1009.110, subd [c], par [2].)
The foregoing statute exhibits a clear intent by the Pennsylvania Legislature to allow the nonresident motor *1068 ist travéling from a State having some form of no-fault statute to bring his. home State’s laws with him to Pennsylvania (see, also, Toter v Knight, 420 A2d 676; DuBose v McCoy, 419 A2d 705).
Hence, under this State’s no-fault law provisions, the term “covered person” is defined in subdivision 10 of section 671 of the Insurance Law as follows: “‘Covered person’ means any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by articles six or eight of the vehicle and traffic law or which, is referred to in subdivision two of section three hundred twenty-one of such law; or any other person entitled to first party benefits.” (Emphasis added.)
In determining whether the Ecks are “covered persons”, the statute requires that the owner or operator have an automobile liability policy which meets the financial security requirements of article 6 of the Vehicle and Traffic Law. In this State, the minimum limits of liability for bodily injuries are set at $10,000 per person, $20,000 per accident (Vehicle and Traffic Law, § 311; 11 NYCRR 60.1 [a]). Under Pennsylvania law, where the Eck policy was issued, the minimum limits for bodily injuries are $15,000 per person, $30,000 per accident (Pa Stats Ann, tit 40, Insurance, § 1009.104, subd [a]; 31 Pa Code 66.1-104 [a]). The attorney for Prudential concedes that the automobile liability insurance policy issued by Prudential covering the vehicle owned and operated by the Ecks on January 28, 1979, involved in the accident occurring in the State of Pennsylvania, met the minimum liability limits in accordance with the laws of that State. Hence, the Prudential policy covering the Ecks clearly meets the minimum financial security requirements prescribed under laws and regulations of New York.
Defendant Empire submits that more than merely meeting the minimum financial security limits is required to qualify the Ecks as “covered persons” under the statute, such as proof that the Eck vehicle was insured by an authorized insurer and had no-fault coverage. Not only is this argument unfounded and without merit, it attempts to distort, however innocently, the term “covered person” as *1069 it is defined in subdivision 10 of section 671 of the Insurance Law. Without rehashing how the statute defines that term, in essence a “covered person” refers to the owner, operator or occupant of a motor vehicle which carries liability insurance, notwithstanding whether or not coverage extends to no-fault.
In the instant matter, undoubtedly the Eck vehicle involved in the accident was insured by Prudential, a fact already conceded under oath by Prudential’s attorney. Moreover, and according to the official “Directory of Insurance Companies Licensed in New York State”, Prudential has been licensed in this State since December 10, 1975, long before the date of this accident.
The sole conclusion to be reached from the foregoing facts and statutory provisions is that the Ecks are indeed covered persons. Thus, the underlying negligence suit, being one where all of the parties are covered persons, invokes subdivision 1 of section 673 of the Insurance Law, a statutory provision which specifically and unequivocally precludes a covered person suing another covered person in tort from recovering basic economic loss, thereby obviating the necessity for a statutory lien which is imposed solely to prevent the possibility of a double recovery for basic economic loss by a person who has received first-party benefits. (Royal Globe Ins. Co. v Connolly, 54 AD2d 1117.) As movant correctly points out, Empire is seeking to recover from the Percaccios (their insureds) first-party benefits which the insureds themselves are precluded by statute from recovering in their own tort action. Clearly, the statute intended no such result.
Finally, Empire contends that it should be allowed to assert a lien for first-party benefits paid by it against the out-of-State insurer, Prudential. This argument must also fail.
Section 674 of the Insurance Law governs the right of an insurer liable for first-party benefits to recover the amount of such benefits from the insurer of any other covered person, and requires submission of the controversy to mandatory arbitration. Notwithstanding that this intercompany arbitration provision is not relevant to the issue at hand and the resolution of . this motion, the afore-men *1070 tioned statute bears no application to this case since “at least one of the motor vehicles involved” must weigh more than 6,500 pounds or be a motor vehicle used for hire of persons or property. (Insurance Law, § 674, subd 1.) It is undisputed that none of the vehicles involved in this accident meet those qualifications.
Accordingly, the plaintiffs’ motion for summary judgment is granted and defendant Empire is barred from asserting a no-fault lien against the proceeds of any recovery made by the plaintiffs against the owners of the offending vehicles, by suit, settlement or otherwise.