■ THOMAS M. MARSHALL, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.—Casey J. Appeals (1) from an order of the Supreme Court (Duskas, J.), entered June 5, 1989 in Franklin County, which, *inter alia,* granted defendant's cross motion for summary judgment and declared that defendant had a valid lien for no-fault benefits against the proceeds of plaintiff's personal injury settlement, and (2) from the judgment entered thereon.

The only question presented on this appeal is whether the owner and operator of a motor vehicle registered in the Province of Quebec, Canada, and insured for liability by a Canadian insurance company is a covered person within the meaning of Insurance Law § 5102 (j). We agree with Supreme Court that, in the circumstances of this case, the answer to the question is no.

Plaintiff sustained severe injuries when the motor vehicle at issue, in which he was a passenger, left the highway and overturned in the Town of Malone, Franklin County. Upon discovering that the Canadian insurance policy covering the vehicle did not provide for no-fault benefits, plaintiff sought and obtained no-fault first-party benefits from defendant, as the insurer of a vehicle owned by plaintiff. Defendant asserted a lien in the amount of the first-party benefits paid by it to plaintiff against the proceeds of any recovery in plaintiff's bodily injury claim against the owner and operator of the Canadian vehicle in which plaintiff had been riding. Plaintiff commenced this action seeking a declaratory judgment declaring that defendant had no lien. Defendant's answer included a counterclaim for the amount of first-party benefits paid to plaintiff. The parties moved for summary judgment, and Su-

preme Court denied plaintiff's motion and granted defendant's cross motion, resulting in this appeal.

Insurance Law § 5104 (b) provides that in any action by a covered person against a noncovered person for personal injuries arising out of the use or operation of a motor vehicle, an insurer which paid first-party benefits on account of such injuries has a lien against any recovery to the extent of the benefits paid to the covered person. It is undisputed that plaintiff is a covered person and that defendant paid first-party benefits to him. The parties also agree that the question of whether the owner and operator of the Canadian vehicle is a covered person, as plaintiff claims, so that the lien provision is inapplicable, depends upon whether the motor vehicle had in effect the financial security required by Vehicle and Traffic Law article 6 (see, Insurance Law § 5102 [j]). Proof of financial security is defined as "proof of ability to respond in damages for liability arising out of the ownership, maintenance or use of a motor vehicle as evidenced by an owner's policy of liability insurance" (Vehicle and Traffic Law § 311 [3]).

Plaintiff argues that since the insurance policy covering the Canadian vehicle was a liability policy with limits in excess of the minimum prescribed by Vehicle and Traffic Law § 311 (4) (a), the vehicle had the required financial security in effect, making the owner and operator a covered person irrespective of whether the liability policy provided for no-fault benefits. Vehicle and Traffic Law § 311 (4) (c), however, contains an additional requirement in the case of a vehicle lawfully registered in another State, which includes any province of Canada (Vehicle and Traffic Law § 311 [9]). Pursuant to this additional requirement, the policy must be issued by an authorized insurer or by an unauthorized insurer which has filed a form consenting to service of process and declaring that its policy shall be deemed to be varied to comply with the requirements of Vehicle and Traffic Law article 6. It is undisputed that the liability policy covering the Canadian vehicle was issued by an unauthorized insurer which has not filed the required form. Accordingly, the owner and operator is not a covered person, and Supreme Court's order and judgment should be affirmed.

Order and judgment affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.