■ FIREMAN'S INSURANCE COMPANY OF NEWARK, Respondent, v CLAUDE LE COMPTE et al., Appellants. [599 NYS2d 139] — Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 21, 1992 in Warren County, which granted plaintiff's motion for summary judgment.

On March 5, 1984 defendant Claude Le Compte, a resident of this State, was injured in an automobile accident in Ontario, Canada, when his car was struck from behind by a vehicle operated by a Canadian resident, owned by a Canadian business and insured by Commercial Union Insurance Company, a Canadian firm authorized to do business in this State. Le Compte applied for and received first-party no-fault benefits from plaintiff in the amount of $8,669.71, and defendants

thereafter commenced an action against the Canadian owner and driver, which was settled on or about February 22, 1989 for $40,000 (Canadian). Plaintiff then commenced this action seeking to enforce a lien against this recovery in accordance with Insurance Law § 5104 (b). Plaintiff's subsequent motion for summary judgment was granted and this appeal by defendants followed.

Insurance Law § 5104 (b) provides, in pertinent part, that: "In any action by or on behalf of a *covered* person, against a *non-covered* person, where damages for personal injuries arising out of the use or operation of a motor vehicle * * * may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries has a lien against any recovery to the extent of benefits paid or payable by it to the covered person" (emphasis supplied). It is undisputed that defendants are covered persons and that plaintiff paid the first-party benefits due. The issue on appeal thus distills to whether the owner and operator of a vehicle insured by a Canadian insurance company are covered persons within the meaning of Insurance Law § 5102 (j), thereby rendering the lien provision inapplicable.

We are of the view that under the circumstances present here, the Canadian tortfeasors are covered persons. A "covered person" is defined as, among others, "any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by [Vehicle and Traffic Law art 6]" (Insurance Law § 5102 [j]; *see,* Vehicle and Traffic Law § 311 [4] [a]). Although it appears that the policy issued by Commercial Union Insurance Company did not afford no-fault benefits *(see,* Insurance Law art 51), it has been conceded that the policy did provide liability coverage in excess of that required by Vehicle and Traffic Law § 311 (4) (a) and that said company was authorized to do business in this State and, hence, was an authorized insurer *(see,* Vehicle and Traffic Law § 311 [4] [c]; [9]; *cf.,* Insurance Law § 107 [a] [10]) at the time of the accident *(cf., Marshall v Nationwide Mut. Ins. Co.,* 166 AD2d 852). Accordingly, the Canadian owner and operator of the insured vehicle are deemed to be covered persons, and Supreme Court's order granting plaintiff's motion for summary judgment must therefore be reversed.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.