■ AETNA LIFE & CASUALTY COMPANY, Appellant, v ALL-STATE INSURANCE COMPANY, Respondent. [616 NYS2d 838] —Order unanimously affirmed with costs. Memorandum: Helen Feigenbaum, a New Jersey resident, was the owner of a motor vehicle insured by defendant, Allstate Insurance Company (Allstate), an authorized insurer. At the time of the accident, Feigenbaum's policy provided liability coverage equal to or in excess of that required by Vehicle and Traffic Law § 311 (4) (a). Consequently, Feigenbaum is a covered person under Insurance Law § 5102 (j) and § 5104 (b) *(see, Fireman's Ins. Co. v Le Compte,* 194 AD2d 918; *Marshall v Nationwide Mut. Ins. Co.,* 166 AD2d 852; *cf., Lattimer v Boucher,* 189 NJ Super 33, 458 A2d 528). Plaintiff, Aetna Life & Casualty Co. (Aetna), insured two people who were injured in the accident and paid them no-fault benefits. It is undisputed that those people are also covered persons under the Insurance Law. They thereafter settled claims against Feigenbaum, and Aetna commenced this action to enforce liens against those settlements pursuant to Insurance Law § 5104 (b). Supreme Court properly held that the liens were unauthorized. Insurance Law § 5104 (b) permits an insurer to assert a lien to recover first-party benefits in an action only by a covered person against a non-covered person. Because Feigenbaum was also a covered person, the court properly granted summary judgment to Allstate dismissing the complaint. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Complaint.) Present— Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.