**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Kieran MAZZOLA and First Fidelity Leasing Group, Inc., Defendants.**

**No. 96 CV 5421 (SAS).**

United States District Court, S.D. New York.

July 18, 1997.

---

John F. Cahill, James P. McCarthy, P.C., New York, NY, for Plaintiff.

Kevin E. Wolff, McElroy, Deutsch & Mulvaney, Morristown, NJ, for Defendants.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

On July 19, 1996, Plaintiff filed a subrogation action[1] to recover $83,131.22 of the $133,637.22 in first-party benefits paid to its insured. Defendants seek summary judgment under Fed.R.Civ.P. 56 on the ground that, *inter alia,* neither New Jersey nor New York law provides Plaintiff with a viable right of action. For the reasons stated below, summary judgment is granted.

---

1. Although the original complaint alleges a claim sounding in negligence, in pre-motion conferences Plaintiff made it clear that he seeks recovery under a theory of subrogation. *See* Complaint, at ¶ 13 and Transcript of Pre-motion Conference ("Tr.") dated March 25, 1997, at 17–19 and 24. Plaintiff has no independent right to recover for negligence because a subrogee has no independent right to recover for negligence.

*See Country Wide Ins. Co. v. Osathanugrah,* 94 A.D.2d 513, 465 N.Y.S.2d 26 (1st Dep't 1983); *Unsatisfied Claim & Judgment Fund Bd. v. New Jersey Mfrs. Ins. Co.,* 138 N.J. 185, 649 A.2d 1243 (1994). Here Plaintiff's subrogor signed a release for "any and all" negligence claims that could be asserted against Defendants. *See* Defendants' 3(g) Statement ("Defs.' 3(g)"), Exhibit ("Ex") E.

## I. FACTUAL BACKGROUND

On July 21, 1993, Kevin Hall and his parents, Robert Hall and Gladys Hall, were passengers in a New Jersey-registered Jeep Wrangler operated by Kieran Mazzola and owned by First Fidelity Leasing Group ("First Fidelity"). Royal Insurance Company of America ("Royal") insured the automobile and the driver through a policy issued to Kim Lewis Mazzola and Carole Mazzola, Kieran's parents. This policy, which was purchased in New Jersey, provided coverage of $250,000 per person and $500,000 in the aggregate as well as no-fault personal injury protection ("PIP") benefits. On an exit ramp of the New York State Thruway (I–87) at Ramapo, New York, the Jeep collided with a Dodge sedan driven by Marie Solimine. *See* Defendants' Memorandum of Law ("Defs.' Mem."), at 2. In that accident, Kevin Hall suffered serious burns. His medical expenses totaled $133,637.22 and were paid by Allstate Insurance Company ("Allstate") under the no-fault insurance provisions of the Personal Auto Policy issued to Robert Hall.

On August 18, 1994, Kevin Hall, Robert Hall and Gladys Hall filed a Complaint against Mazzola, First Fidelity, Royal, Solimine and others in the Superior Court of New Jersey, Law Division, Essex County. *See* Defs.' Mem. at 2. In September 1994, a one million dollar settlement was effected among the Halls and Mazzola, First Fidelity, and Royal. As a result of the settlement, the action was dismissed with prejudice as against these defendants. *See* Defs.' 3(g) Ex.D. The following month, the Halls signed a release that extended to and included all of the Halls' claims arising out of the accident. *See id.* Ex. E.

On July 19, 1996, Allstate instituted arbitration proceedings against Royal to recover the no-fault medical payments of $133,637.22 pursuant to Section 5105(b) of the New York Insurance Law.[2] The arbitrator (Mary Carol Bate of Arbitration Forums, Inc.) awarded Allstate $58,637.22 to be paid by Royal. On May 9, 1997, the Arbitration Forums' counsel (Donald L. Booth) voided the award for "lack

of jurisdiction." *See id.* Ex. L. Plaintiffs then filed a petition to modify the award which is currently pending in the Supreme Court, King's County. *See id.* Ex. K.

## II. APPLICABLE LEGAL STANDARD

A party is entitled to summary judgment when there is "no genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party carries the initial burden of demonstrating the absence of any genuine issue of fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). If the moving party satisfies its burden, then the burden shifts to the non-moving party to proffer evidence demonstrating that a disputed issue of material fact exists. *See Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir.1993). Finally, summary judgment is improper if "as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).

## III. DISCUSSION

■ It is beyond cavil that a subrogee has no more rights than those possessed by the subrogor. By executing the release, the Halls waived *all* of their common law rights against Defendants. Thus, Plaintiff only seeks recovery under no-fault statutes.

### A. Doctrine of Equitable Subrogation

■ "Subrogation is the right one party has against a third party following the payment, in whole or in part, of a legal obligation that ought to have been met by the third party." 2 Allan D. Windt, *Insurance Claims and Disputes* (1995) § 10.05. Thus the doc-

---

**2.** "The sole remedy of any insurer or compensation provider to recover on a claim pursuant to subsection (a) hereof, shall be the submission of

the controversy to mandatory arbitration." N.Y.Ins.Law § 5105(b).

trine of equitable subrogation[3] allows an insurer that has paid benefits to its insured to "stand in the shoes" of that insured and to pursue claims the insured may have against a tortfeasor. An equitably subrogated insurer has only those rights of recovery as would its insured had no benefits been paid. *See Great American Insurance Co. v. United States*, 575 F.2d 1031, 1034 (2d Cir.1978) (Subrogation "is an exclusively derivative remedy which depends upon the claim of the insured and is subject to whatever defenses the tortfeasor has insured against."). *See also Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 106 (2d Cir.1992).

Here, Allstate's claim against Defendants rests on its status as the equitable subrogee of the Halls' right of recovery. Thus, Allstate may recover from Defendants only to the extent that the Halls would do so. Similarly, to the extent that the Halls are barred from recovery against Defendants, Allstate's claims are also barred.

## B. General Principles of No–Fault Insurance Law

Under the traditional, tort-based automobile insurance system, the injured party must establish the liability of the tortfeasor before recovering from defendant's insurer. These laws encouraged drivers to purchase liability insurance and gave "injured parties a means to collect damages." Megan K. Gajewski, *Automobile Insurance Reform in New Jersey*, 25 Seton Hall L.Rev. 1219, 1231 (1995). But the system was generally perceived as creating a "compensation gap." Sonja Stenger, *No–Fault Personal Injury Automobile Insurance*, 14 Hastings Int'l & Com.L.Rev. 505, 510–511 (1991). To recover, plaintiffs had to demonstrate liability, frequently involving great expense and time-consuming litigation.

Replacing tort-based systems (at least in part), no-fault insurance systems require all drivers to carry personal injury protection coverage which provides specified benefits directly to the injured without regard to fault. Gajewski, at 1237. Under these systems, an injured party recovers initially from his or her own insurer and has a limited right to recover from the tortfeasor.[4] These systems provide the benefits of fast and assured recovery with fewer litigation costs. On the other hand, the first party insurer bears the brunt of the loss because its rights to recover from tortfeasors (or tortfeasors' insurers) are strictly limited. Modified no-fault plans, such as those in New York and New Jersey, abolish the right to sue in tort except in cases of "very serious injury."[5] They also eliminate the right to sue for economic loss. Stenger, at 510–511 (1991). Under no-fault (or modified no-fault) equitable subrogation is very strictly restricted.

Here the parties dispute whether New York or New Jersey law applies. Defendants claim that New Jersey law should apply because the Plaintiff seeks to recover benefits paid under New Jersey law, pursuant to a New Jersey insurance policy. *See* Defs.' Mem. 8. Plaintiff contends that because the accident occurred in New York, the Court should apply New York law. *See* Plaintiff's Memorandum of Law, at 3. Because the outcome is the same under either statute, I need not decide which state law to apply.

---

3. Because Plaintiff has not identified any contractual provisions that would provide it with a legal right to "stand in the shoes of the insured," I assume that Allstate seeks recovery under a theory of equitable subrogation.

4. In New York, for example, the injured party may not recover the first $50,000 of basic economic loss from the tortfeasor. N.Y.Ins.Law § 5102(a). In New Jersey, the injured party may not recover unless he or she has sustained non-economic injuries limited to "death, dismemberment, significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days immediately following the occurrence of the injury or impairment." N.J.S.A. 39:6A–8(a).

5. These plans are modified in so far as the right to sue in tort is not completely abolished but limited to instances of very serious injury.

### C. New York Law

■ New York law permits an insurer to recover first party benefits in only two circumstances, neither of which exists here. First, New York Insurance Law § 5104(b) provides in relevant part, that:

> In any action by or on behalf of a covered person, *against a non-covered person,* where damages for personal injuries arising out of the use or operation of a motor vehicle or a motorcycle may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries has a lien against any recovery to the extent of benefits paid or payable by it to the covered person.

N.Y.Ins.Law § 5104(b) (emphasis added). This section limits recovery to actions by or on behalf of a covered person against a non-covered person. *See also Fireman's Insurance Company of Newark, New Jersey v. Le Compte,* 194 A.D.2d 918, 599 N.Y.S.2d 139 (3rd Dep't 1993) (insurer had no right to recover amount of benefits paid pursuant to N.Y.Ins.Law § 5104(b) because the defendant was a "covered person").

It follows that Allstate may not recover under § 5104(b) if Mazzola is a "covered person." Under New York law, a "covered person" is one who is insured by an authorized insurer at a level equal to or in excess of, that required by New York Vehicle and Traffic Law § 311(4)(a).[6] *See Fireman's Insurance,* 599 N.Y.S.2d at 140–141. The parties do not dispute that Mazzola was insured by Royal at a level above that required by § 311(4)(a). Mazzola is, therefore, a covered person, and Allstate has no right of action under § 5104(b).

■ Second, N.Y. Insurance Law § 5105(a) allows:

> [a]ny insurer liable for the payment of first party benefits to or on behalf of a covered person and any compensation provider paying benefits in lieu of first party benefits.... has the right to recover the amount paid from another insurer of any other covered person to the extent that

such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law. The right of recovery is severely curtailed. "In any case, the right to recover exists only if at least one of the motor vehicles involved is a motor vehicle weighing more than six thousand five hundred pounds unloaded or is a motor vehicle used principally for the transportation of persons or property for hire." N.Y.Ins.Law § 5105(a). Here the Defendant's Jeep and Solimine's Dodge each weighed considerably less than three and a quarter tons. *See* Defs.' 3(g) at ¶ 1. And both were private vehicles, not for hire. *See id.* Because these facts do not satisfy the qualifications established in § 5105(a), Plaintiff may not recover under this provision. *See Percaccio v. Empire Mutual Ins. Co.,* 111 Misc.2d 1065, 445 N.Y.S.2d 921, 924 (Sup. Ct. Queens Co. 1981).

### D. New Jersey Law

Nor may Plaintiff recover under New Jersey law. The New Jersey No–Fault Insurance Law states that an insurer "may recover from any tortfeasor who 1) was not required by law to maintain PIP coverage or 2) although required, failed to carry PIP coverage. N.J.S.A. 39:6A–9.1" *Unsatisfied Claim & Judgment Fund Board,* 138 N.J. at 193, 649 A.2d 1243. The Supreme Court of New Jersey defined these two categories. "The first class refers to insured commercial or public vehicles without PIP coverage.... The second class refers to uninsured tortfeasors." *Id.*

■ Here, Defendants were not operating a commercial or public vehicle. Defs.' 3(g) at Ex. G. They had PIP coverage (from Royal), and they were insured. Defs.' 3(g) at Ex. F. "The statute further provides that if the tortfeasor is insured, his or her insurer is liable for the PIP–reimbursement payment. Therefore, recovery from an uninsured tortfeasor may be direct, but recovery from an insured tortfeasor must be through his or her insurer." *Unsatisfied Claim & Judgment Fund Board,* 138 N.J. at 193, 649 A.2d

---

6. New York Vehicle and Traffic Law § 311(4)(a) requires coverage of $50,000 per individual and $100,000 for two or more persons. Mazzola's

policy with Royal included five times that coverage.

1243. Accordingly, while Plaintiff may have an action against Royal, it cannot recover from Defendants Mazzola and First Fidelity under New Jersey's no-fault law.

## IV. CONCLUSION

Regardless of whether New Jersey or New York law applies, Plaintiff has no right to recover from either of the named Defendants. Thus the Defendants' motion for summary judgment is granted. The Clerk is directed to close this case.

SO ORDERED.